JOHN M'KINNEY, WILLIAM M'CONNELL AND KAY MOSS, PLAIN-
TIFFS IN ERROR v. JOHN CARROLL.

To give the Supreme Court of the United States jurisdiction, under the twenty-fifth
section of the judiciary act, in a case brought from the highest court of a state,
it must be apparent in the record, that the state court did decide in favour of the
validity of a statute of the state, the constitutionality of which is brought into
question on the writ of error. Two things must be apparent in the record; first,
that some one of the questions stated in the twenty-fifth section, did arise in the
state court; and secondly, that a decision was actually made thereon by the same
court, in the manner required by the section.

Where one of three parties, plaintiffs in a writ of error, dies, after the writ of error
is issued, it is not necessary to make the heirs and representatives of the deceased,
parties to the writ of error; as the cause of action survives to the two other plain-
tiffs in error.

IN error to the court of appeals of the state of Kentucky.

This case was argued by Mr. Jones for the plaintiffs in error, and
by Mr. Woodward for the defendant. The argument was upon points
upon which the Court expressed no opinion; as on consideration of
the case, it was found not to be within the jurisdiction of the Supreme
Court; to which it had been removed by a writ of error to the court
of appeals of Kentucky. The arguments of the counsel are not,
therefore, inserted in the report.

Mr. Justice M'KINLEY delivered the opinion of the Court.

This is a writ of error to a judgment of the court of appeals of Ken-
tucky, affirming a judgment of the Jessamine circuit court.*

The heirs of John Moss recovered a judgment, in ejectment, against
the defendant in error, in the said circuit court, at the October term,
1815, for a tract of land in Jessamine county; and, at the same term,
commissioners were appointed, in conformity with the act of the 31st
of January, 1812, concerning occupying claimants of lands, to value

---

* At the last term of this court, the death of John M'Kinney, one of the plaintiffs,
was suggested, and the cause continued for revivor; under the mistaken opinion that
he was the only plaintiff. On inspection of the record, it appears that there are two
other plaintiffs; and, as the cause of action survives to them, the revivor is un-
necessary.

the land in controversy, the improvements thereon, &c.   At a subsequent term of the court, the commissioners made their report; and, among other things, reported the improvements on the land to be of the value of one thousand six hundred and ninety-eight dollars.  At the October term, 1819, of the said circuit court, on the motion of the defendant, judgment was rendered in his favour, against the plaintiffs in ejectment, for said sum of one thousand six hundred and ninety-eight dollars.   And, on the 25th day of October, 1819, the plaintiffs in error, as sureties of the plaintiffs in ejectment, executed a bond to the defendant, with condition to pay said sum of one thousand six hundred and ninety-eight dollars, in two equal annual instalments, with interest, as authorized by said act; which bond had, by law, the force of a judgment; and execution was authorized to be issued thereon, as in case of replevin bonds.

On the 7th day of December, 1821, an execution issued on the bond, against the plaintiffs in error; who, availing themselves of the benefit of a statute, then in force, replevied the debt for two years more. When execution issued against them, on the replevin bond, they applied to the judge of said circuit court, for a writ of error coram vobis; and in their petition assigned, in substance, these errors: first, the act of the 31st of January, 1812, concerning occupying claimants of lands, is a violation of the compact between Virginia and Kentucky, and a violation of the constitution of the United States; and therefore the bond and other proceedings, under it, are void: second, but one bond was given for both instalments, when there should have been a bond given for each instalment: third, but one execution issued for both instalments, when there should have been an execution issued for each instalment: fourth, the law under which the replevin bond was given, is a violation of the constitution of Kentucky, and a violation of the constitution of the United States; and, therefore, the bond is void: fifth, the whole proceedings are erroneous, wanting form and substance.

The judge of the circuit court awarded the writ of error coram vobis, on the 15th day of March, 1824, returnable to the next term of said circuit court.  At which term, on the 28th day of April, 1824, by judgment of the court, the writ of error coram vobis was dismissed. From this judgment, the plaintiffs in error appealed to the court of appeals; and assigned, there, the following errors: first, the court erred in giving judgment upon the several matters and errors alleged in the petition for the writ of error coram vobis, and the assignment

[John M'Kinney et al. v. John Carroll.]

of errors therein contained: second, the court ought to have quashed the said execution, bond, &c. as prayed for in the petition and writ of error coram vobis. Upon the hearing of the cause, the court of appeals affirmed the judgment of the circuit court.

The jurisdiction of this Court over this cause, was not questioned at the bar; but the question appears necessarily to arise on the record, and must therefore be decided by the Court. The 25th section of the judiciary act of 1789, confers appellate jurisdiction on this Court, from final judgments and decrees, in any suit in the highest court of law or equity of a state, in which a decision of the suit could be had; where is drawn in question the validity of a treaty, or statute of, or an authority exercised under the United States, and the decision is against their validity: or where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties, or laws of the United States, and the decision is in favour of their validity: or where is drawn in question the construction of any clause of the constitution, or of a treaty, or statute of, or commission held under, the United States, and the decision is against the title, right, privilege or exemption set up or claimed by either party.

In this case, two statutes of Kentucky have been drawn in question, on the ground of their repugnance to the constitution of the United States. But, whether the court of appeals decided in favour of their validity, will depend first, upon, whether the questions arising under those statutes were not, or might have been, decided upon the authority of the state laws, without involving their validity under the constitution of the United States; and, secondly, whether the record of this case shows that the court did decide in favour of their validity.

A question arose at the bar, whether the judgment of the circuit court, in favour of the defendant, and against the plaintiffs in ejectment, was before the court of appeals, on the trial there. The counsel for the plaintiffs in error, insisted that it was; and, therefore, a proper subject of examination in this Court. The plaintiffs in error were not parties to the judgment of the circuit court. They became parties, in the record, by being the sureties of the plaintiffs in ejectment, in the improvement bond; which was subsequent to, and, in fact, the fruit of that judgment. The appeal which they took, was from the judgment of the circuit court, upon the writ of error coram vobis; and the errors which they assigned, in the court of appeals, limited the

[John M'Kinney et al. v. John Carroll.]

inquiry before that court, to the correctness of that judgment. But, independent of these grounds, the statutes of Kentucky, regulating the writ of error coram vobis, limit its operation, expressly, to errors arising subsequent to the judgment of the inferior court. Morehead & Brown's Digest, 1554, 1555.

The first error assigned, in the petition for the writ of error coram vobis, draws in question the validity of the act of the 31st of January, 1812, concerning occupying claimants of lands; on the ground that it is in derogation of the compact between Virginia and Kentucky, and repugnant to the constitution of the United States. Neither the plaintiffs in ejectment, nor the defendant, appear to have raised this question, in any part of the proceedings between them. The plaintiffs in ejectment did not sign the improvement bond, and were not, therefore, parties to the suit in the court of appeals; and, consequently, are not parties here. They, and they alone, had a right to object to the judgment of the circuit court against them, and in favour of the defendant, and the proceedings under it; on the ground that the act of the 31st of January, 1812, was unconstitutional. By that act, they were deprived of the rents and profits of their land, while in the occupation of the defendan and compelled to pay him for all improvements which he had made thereon. And this is the ground of the decision of this Court, in the case of Green & Biddle, 8 Wheat. 1; which was relied on by the counsel for the plaintiffs in error. The plaintiffs in error were the mere sureties of the plaintiffs in ejectment, for the money adjudged to the defendant, for his improvements. The bond which they signed, was a voluntary act; and a part of the means provided by the said law, to enable the defendant to obtain satisfaction of his judgment. The validity of the proceedings, so far as they were concerned, did not depend upon the constitutionality of the act concerning occupying claimants of land; and therefore they had no right to complain of it.

The fourth error, in the petition, draws in question the validity of the statute of Kentucky, authorizing defendants to give replevin bonds, payable in two years, upon the plaintiff's failing to cause to be endorsed on his execution, that he would take the notes of certain banks specified in the act in discharge thereof. Had the plaintiffs in error paid the amount of the execution, which issued against them, on the improvement bond, in money, as they were bound to do, this question would never have arisen. Having availed themselves of the benefit of the credit extended to them by that act, and delayed the

[John M'Kinney et al. v. John Carroll.]

defendant in error, in the payment of the debt they had thus volun-tarily again assumed upon themselves; is it proper, that at the end of four years, they should be permitted to come into court, and set aside the whole proceedings against them, on the abstract principle, that the statute under which they had taken place, violated the constitution of the United States?

The court of appeals of Kentucky has decided, that a replevin bond cannot be set aside at the instance of the debtor, on the ground that the law under which it was given was unconstitutional. Let it be conceded, says the court, that the constitution of the United States, or of this state, is violated by the law in question; whose rights are infringed by it? Certainly not those of the debtor, for the law is passed and operates exclusively for his benefit. Small & Carr v. Hodgen, 1 Lit. R. 16. And in a subsequent case, the purchaser of a tract of land, under an execution sale, on a credit of one year, at-tempted to set aside the bond, which he had given for the purchase money; on the ground that the law, under which the sale had been made, and the bond had been executed, violated the constitution of the United States. On the authority of the above case, the court refused to set aside the bond and sale. Rudd & Miller v. Schlatter & Gilman, 1 Lit. R. 19.

Upon this view of the case, it may be fairly presumed, that the court of appeals decided upon some, or all of the grounds here stated; and that it did not decide in favour of the validity of the statutes re-ferred to. But to give this court jurisdiction, it is not sufficient to show, that the court below might have decided in favour of the validity of these statutes, or either of them; it must be apparent, in the record, that the court did so decide. In the cases of Crowell v. Randell, and Shoemaker v. Randell, 10 Pet. R. 391, the court went into a review of all the cases, which it had previously decided, under the authority of the 25th section of the judiciary act of 1789.

In delivering the opinion of the Court, Mr. Justice Story says: "In the interpretation of this section of the act of 1789, it has been uniformly held, that to give this Court appellate jurisdiction, two things should have occurred and be apparent in the record: first, that some one of the questions, stated in the section, did arise in the court below; and secondly, that a decision was actually made thereon by the same court, in the same manner required by the section. If both of these do not appear in the record, the appellate jurisdiction fails. It is not sufficient to show, that such a question might have

[John M'Kinney et al. v John Carroll.]

occurred, or such a decision might have been made, in the court below. It must be demonstrable, that they did exist, and were made."

As it no where appears, in the record of the cause under consideration, that the court of appeals, of Kentucky, did decide in favour of the validity of either of the statutes drawn in question before it; but, on the contrary, it appearing to be reasonably certain, that its judgment was rendered on all the questions presented for its adjudication, on the authority of the state laws; this Court has, therefore, no jurisdiction of this case.

The writ of error must be dismissed.

On consideration of the suggestion and motion made by Mr. Jones, of counsel for the plaintiffs in error; in this cause, on a prior day of the present term of this Court, to wit: on Thursday, the 11th day of January, it is the opinion of this Court, that it is unnecessary to make the heirs and representatives of John M'Kinney, whose death has been suggested on the record, parties to this writ of error; as the cause of action survives to the two other plaintiffs in error.

This cause came on to be heard on the transcript of the record from the court of appeals for the state of Kentucky, and was argued by counsel; on consideration whereof, it is the opinion of this Court, that this Court has not jurisdiction in this cause; whereupon, it is now here ordered and adjudged by this Court, that this writ of error be, and the same is hereby dismissed for the want of jurisdiction. All of which is hereby ordered to be certified to the said court of appeals, under the seal of this Court.