## JACOB NAUER *vs.* JOHN W. THOMAS.

When competent counsel retained in a cause were present in court prepared to argue it, the court declined to hear other counsel, not retained in the cause before the court, or in any other cause in which similar questions would arise; but who expected to have a similar cause thereafter.

The supreme court of the United States have no jurisdiction, on writ of error, to revise a judgment of a state court, under the judiciary act of 1789, unless it appears that some one of the questions therein mentioned did actually arise in the state court and was decided in the manner required by that act; and, if a writ of error has been issued by one of the justices of that court in a case where the above facts do not appear by the record, it will be assumed by this court that it was improvidently issued, and will be dismissed.

To an indictment for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, the defendant pleaded specially, in bar thereof, that he had a license under the internal revenue laws of the United States to do all the acts complained of, and also that he had paid a tax upon the same liquors, and also that the statute on which the indictment was founded was unconstitutional. The district attorney demurred to this plea, assigning, among the grounds of demurrer, that it was double and otherwise informal and insufficient. This demurrer was sustained, and, the defendant refusing to plead further, a plea of not guilty was entered for him, and he was found guilty by the jury. There was nothing in the record to show that the matters set forth in the special plea were relied on at the trial before the jury. *Held*, that the special plea was bad in form, for duplicity and insufficiency; and that this court will presume that the demurrer was sustained for that reason, and therefore will not discharge the defendant, after sentence, on *habeas corpus*, although a justice of the supreme court of the United States has issued a writ of error in said case.

In criminal cases, a special plea in bar is bad which sets up more than one ground of defence.

PETITION for a writ of *habeas corpus*, brought in behalf of Jacob Nauer, alleging that he was imprisoned in the house of correction, under charge of the respondent; that on the 3d day of January 1867 he was sentenced by the superior court for the county of Norfolk to pay a fine of fifty dollars and costs, and to be imprisoned in the house of correction for three months; that on the next day he procured a writ of error from the circuit court of the United States, and on the 12th of said January caused a copy to be filed in the clerk's office of the said superior court, by reason whereof said imprisonment became suspended, annulled and superseded.

The indictment against the petitioner, and other proceedings thereon in the superior court, are sufficiently set forth in the opinion.

The question whether the petitioner was entitled to his discharge, on giving bond, as provided by U. S. St. of 1866, c. 184, § 69, was reserved by the chief justice for the determination of the full court.

*N. Richardson & A. F. L. Norris*, for the petitioner.

*Reed*, A. G., for the respondent, cited, to the point that the petitioner's plea to the indictment was bad for duplicity, 1 Chit. Pl. (5th Amer. ed.) 478; Gould Pl. c. 8, § 4; 2 Saund. 295 c, note f; *Austin v. Parker*, 13 Pick. 224; *Regina v. Strahan*, 7 Cox Crim. Cas. 85; that it was bad, because it did not confess

the truth of the facts alleged in the indictment, 1 Chit. Pl. 455 *Thayer* v. *Brewer*, 15 Pick. 220.

*G. Sennott* also offered to argue the case, on the part of the petitioner, saying that, though not of counsel in this case, he expected to have a similar case.

But the court declined to hear him, saying that counsel cannot be heard unless retained in some case where a similar question arises, to which the adverse party in the case in hearing is also a party; nor can he be heard as *amicus curiæ*, where the parties are attended by competent counsel, and the court do not ask for further argument.

BIGELOW, C. J. It has been recently determined by this court, upon full consideration, that a writ of error sued out in conformity to the twenty-fifth section of the judiciary act of the United States of 1789 (U. S. St. 1789, *c.* 20), to procure a reexamination of a final judgment of the courts of this state in a criminal case, operates as a *supersedeas* of such judgment. *Bryan* v. *Bates*, 12 Allen, 201. But it has also been decided that, on an application to this court to discharge by writ of *habeas corpus*, a prisoner held under a judgment or sentence of a court of this commonwealth, on which a writ of error has been so issued by a justice of the supreme court of the United States, this court will not interfere to grant such discharge on the ground that the sentence or judgment has been superseded, if on looking into the record it appears satisfactorily that the writ of error has been issued improvidently or through mistake, and that the judgment or sentence rendered by a court of this state is such as not to be open to reëxamination and decision by the supreme court of the United States, under the provision of the judiciary act above cited, and that the writ of error will be dismissed by that court for want of jurisdiction. *Fleming* v. *Clark*, 12 Allen, 191.

It was suggested by the counsel for the petitioner in the present case that this decision had been substantially overruled or its correctness doubted by the supreme court of the United States in *McGuire's case*, 3 Wallace, 382. But no such point was raised or determined in that case. The only question before the court there was, whether it sufficiently appeared by the

record that the case had been decided by the highest court of this state in which a decision on the questions raised could be had. Upon careful consideration, we can see no reason to doubt the correctness of the conclusion at which we arrived in the case of *Fleming* v. *Clark.* On the contrary, it seems to us to be our clear and unquestionable duty, when we are called on to discharge a person from custody on a sentence of a court of this state, which in our opinion is regular and in conformity to law, to be satisfied that the judgment is one which *prima facie* at least appears to be open to reëxamination and revision by the supreme court of the United States, and to be within the jurisdiction of that court on writ of error. We in no way interfere with the prosecution of the writ or the final determination of the questions thereby raised by that court. In exercising the right to look into the record for such purpose, we simply ascertain whether there is sufficient ground for asking for our interference to discharge a prisoner apparently held in lawful custody. We by no means thereby doubt or call in question the authority of the supreme court of the United States. The citation on the writ of error, which is necessary to make the *supersedeas* effectual and operative, is not issued by that court, but by one of the justices thereof, who for this purpose has only a concurrent authority with the chief justice of this court, or of the court in which the judgment complained of was rendered. It is a mistake, therefore, to say that a refusal by this court to discharge a prisoner under sentence, after a writ of error is issued to reconsider the judgment in the supreme court of the United States, is in any respect a disregard of the authority or jurisdiction of a higher tribunal.

The jurisdiction of the supreme court of the United States on writ of error to reconsider and revise a judgment of a state court, under the 25th section of the judiciary act of 1789, is clearly settled and defined by a series of decisions of that court. By the provisions of that section, final judgments in the highest court of law of a state in which a decision could be had can be revised by the supreme court of the United States upon writ of error only in cases " where is drawn in question the validity of

a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity, or where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favor of such their validity, or where is drawn in question the construction of any clause of the constitution or of a treaty or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party.' By the interpretation which has been given by the supreme court of the United States to these provisions of the statute, it is necessary, in order to bring a case within them, that two things should appear by the record: first, that some one of the questions contemplated by the statute did arise in the state court; and secondly, that the question so raised was decided by the state court in the manner required by the statute. These need not appear by any direct or positive statement or averment. All that is needful is, that they should be made to appear by clear and necessary intendment. It is not enough to show that the question might have arisen or been applicable to the case. It must also be manifest that it actually did arise and was decided by the state court as an essential inducement to its judgment. It may be shown from the facts apparent on the record. It need not be stated or recited formally. It is sufficient if it be made to appear, either by direct averment, or from the facts stated, that the jurisdictional question did arise, and that the judgment of the state court involved a decision upon it. But, on the other hand, the supreme court of the United States will not take jurisdiction of judgments rendered in the courts of a state, if nothing more is shown than an intention by a party to raise a question coming within the provisions of the judiciary act. If the judgment of the state court might have been rendered on general principles of law, irrespective of any decision on questions arising under the constitution, laws or treaties of the United States, or if it only appears that some such question may have arisen, but it is not shown either directly or by reasonable

intendment that it did arise and was determined by the state court in the manner pointed out by the statute, the supreme court of the United States will refuse to take cognizance of the case, and will dismiss it for want of jurisdiction.  *Crowell* v. *Randell*, 10 Pet. 391, and cases cited.  *M'Kinney* v. *Carroll*, 12 Pet. 66.  *Armstrong* v. *Treasurer of Athens County*, 16 Pet. 281.  *Commercial Bank* v. *Buckingham*, 5 How. 317.  *Scott* v. *Jones*, Ib. 343.  *Planters' Bank* v. *Sharp*, 6 How. 301.  *Matheson* v. *Bank of Alabama*, 7 How. 260, 279.  *Grand Gulf Railroad &amp; Banking Co.* v. *Marshall*, 12 How. 165.

Applying this well settled rule of interpretation of the 25th section of the Judiciary Act of 1789 to the case now before us, the inquiry is, whether it is made to appear from the record of the judgment under which the petitioner is now held in custody, either directly or by reasonable intendment, that any question comprehended within the provisions of that section must have been determined by the court as the foundation of or inducement to said judgment, or was necessarily involved in the judgment and sentence pronounced against the petitioner.  Upon inspection of the record, it appears that an indictment was duly found and returned into court, charging the petitioner with keeping and maintaining a certain tenement used for the illegal sale and illegal keeping of intoxicating liquors, whereby and by force of the statute in such case made and provided, the said tenement became and was a common nuisance.  To this indictment the petitioner answered by filing two special pleas in bar.  The first alleged that the Commonwealth ought to be barred from maintaining said indictment, because he had authority and license from the United States to do all the acts complained of granted to him under an act of congress, for which license he paid the sum of twenty-five dollars, and also that he paid in money a tariff or revenue duty and tax on the same spirituous and intoxicating liquors, for the keeping and selling of which he is complained of in the indictment in the same packages in which he sold the same.  The second plea alleges that the indictment cannot and ought not to be maintained, because by the constitution of the United States and also by the constitution

of Massachusetts it is provided that excessive bail shall **not** be required nor excessive fines imposed nor cruel or unusual punishments inflicted, and that the act of the legislature upon which the indictment is founded imposes fine and imprisonment for an act not wrong in itself, and that the fine and imprisonment are excessive and unusual, and the said act is unconstitutional and void. To these pleas the attorney for the Commonwealth filed a demurrer, and among other causes of demurrer assigned the following: " That said plea is double, argumentative and otherwise informal and insufficient ; " upon which there was a joinder by the petitioner. It further appears that this demurrer was sustained by the court, to which ruling and decision of the court the petitioner alleged exceptions, which were allowed, and thereupon the petitioner, being required to answer over to the indictment, refused to plead further, and, on a plea of not guilty entered by order of court, a trial by jury was had and a verdict of guilty rendered against the petitioner. It does not appear that the petitioner on the trial upon the issue of not guilty relied upon or offered in evidence any of the special matters set forth and alleged in his pleas in bar, or that any authority or privilege under the constitution, laws or treaties of the United States was claimed, or that the validity of the laws of this commonwealth as being in conflict with or contrary to the constitution, laws or treaties of the United States was drawn in question or decided by the court, or that any question coming within the provisions of the 25th section of the Judiciary Act of the United States was raised or decided on the trial of the general issue. All that the record discloses is, that certain matters were set forth in special pleas in bar to the indictment, and that the allegations might have raised questions coming within the provisions of that section ; but it nowhere appears that such special matters were drawn in question or decided by the court, or that there was any decision of such questions or special matters as a foundation for or inducement to the judgment rendered against the petitioner. On the contrary, the record discloses that the special pleas were demurred to as being defective and insufficient, and that this demurrer was sustained and the

pleas adjudged to be bad. The inference from this record is rather that the demurrer was sustained for informality and insufficiency, and not because the special matters, if well pleaded, would not have constituted a good bar to the indictment. Viewed in a light most favorable to the petitioner, the most that can be said is, that it is left entirely in doubt on the record whether the demurrer was sustained for the reason that it was bad in substance, or because the special matters were insufficiently or improperly pleaded. In either view, whichever may have been the ground on which the demurrer was held good, it is clear according to the authorities cited that the record does not disclose that any question was raised and decided by the court necessary to give jurisdiction to the supreme court of the United States to revise the judgment on a writ of error.

But if we examine the pleas to see whether they were in fact good and sufficient, and whether the special matters therein set forth were well pleaded, it seems to be very clear that they were not. This being so, the inference that the demurrer was sustained solely for the reason of their informality and insufficiency, and not as being bad in substance, is greatly strengthened. In the first place, the old rule of the common law, applicable alike to civil and criminal cases, was that a defendant can rely only on one ground of defence in a plea, and his pleading double was never admitted. This rule was changed as to civil cases by the Statute of Anne, but that statute did not extend to indictments or informations, to which no more than one plea was ever allowed. 1 Chit. Crim. L. 435. We are not aware that a different rule from that of the common law as applicable to criminal cases has ever been adopted in this commonwealth. Here, however, as in England, special pleas in bar to indictments are now seldom used, except in a few cases, the usual practice being to plead the general issue, and give any special ground of excuse, justification or exemption, in evidence under the general issue. But when pleas in bar are resorted to, they must conform to rules of law. These would have confined the petitioner to a single plea. But the pleas in the present case are defective for duplicity in another sense; that is, they are not single. If a

plea contains allegations of two distinct matters, either of which would form a good defence to an indictment, and each of which requires a separate answer, it will be subject to a demurrer for duplicity. 1 Chit. Pl. 56.

But there is another defect in the plea of the petitioner which was good ground for demurrer. It did not answer to the whole charge in the indictment. It did not confess a portion and plead specially to the residue, nor did it deny so much of the matter charged as was not embraced in the special matter set forth in the plea. The petitioner could not plead the general issue to the whole indictment, and also special matter, but he might plead special matter as to part and not guilty or guilty as to the residue. But in some form he should answer to the whole charge, or the plea would be defective. A plea in the form in which it was pleaded in the case now before us, we have already adjudged to be defective and insufficient. A decisive test of its insufficiency is, that if the special matter pleaded had been found on trial against the petitioner, it would have left undecided a material fact set forth in the indictment, namely, the allegation that he kept and maintained the tenement as charged. A plea is bad which does not answer every essential allegation.

For these reasons, it seems to us that the record of the judgment, under which the petitioner is held, fails to show that any question which would give jurisdiction to the supreme court of the United States on a writ of error under the 25th section of the Judiciary Act was raised and decided by the court as a foundation for or inducement to the judgment on which the petitioner is held in custody. It follows, that the writ of error in this case was issued improvidently and by mistake, and that we cannot interfere to discharge the petitioner, it plainly appearing that the writ of error must be dismissed for want of jurisdiction by the supreme court of the United States.

*Petitioner remanded.*