## MOSES & Another v. WOOSTER.

ORIGINAL MOTION, ENTITLED IN A CAUSE PENDING ON APPEAL
FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Submitted October 19, 1885.—Decided November 2, 1885.

The plaintiff below obtained a decree in equity for damages and an injunction against three defendants who appealed. After docketing the appeal, one appellant died. The survivors suggested his death, and an order was issued under Rule 15, § 1, for notice to his representatives. This was duly published. The representatives not appearing, the surviving appellants moved that the action abate as to the deceased, and proceed at the suit of the survivors : *Held*, That the suit proceed at the suit of the survivors.

The suit below was in equity and brought by George H. Wooster, the appellee, against Solomon Moses, Gotcho Blum, and Solomon Weil, partners under the name of Moses, Blum & Weil, for an infringement of letters patent. A final decree for an injunction and damages was rendered against the defendants, May 23, 1883. From this decree all the defendants appealed, and the appeal was docketed here October 12, 1883. Blum died January 2, 1884. On the 11th of April, 1885, Wooster appeared in this court and suggested his death, whereupon the usual order under Rule 15, § 1, 108 U. S. 581, was entered, that, unless his representatives should become parties within the first ten days of this term, the appeal would be dismissed. Proof of the due publication of a copy of this order has been made, but the representatives of the deceased appellant have not appeared. The surviving appellants now move that the action abate as to the decedent, but that it proceed at their suit as survivors.

*Mr. Horatio P. Allen* for the motion.

*Mr. Frederic H. Betts* and *Mr. J. E. Hindon Hyde* opposing. I. Section 956 of the Revised Statutes does not apply to the present case. It is to be read in connection with § 955,

which relates only to the death of a party before final judgment. Neither section has anything to do with appeals from a final judgment. *Green* v. *Watkins*, 6 Wheat. 260. But even if § 956 did apply, the court is asked to grant an order declaring the very thing which the section itself declares shall not happen, viz.: that the suit shall abate. II. A suit cannot abate, after final judgment for plaintiff, except through the fault of the plaintiff himself or his representatives. The first subdivision of Rule 15 was first promulgated after and in consequence of the decision in *Green* v. *Watkins*. Mr. Justice Story said in that case: "There is a material distinction between the death of parties before judgment and after judgment, and while a writ of error is depending. In the former, all personal actions by the common law abate; and it required the aid of some statute, like that of the thirty-first section of the Judiciary Act of 1789, ch. 20" (§§ 955, 956 R. S.), "to enable the action to be prosecuted by or against the personal representative of the deceased, when the cause of action survived. . . . But, in cases of writs of error upon judgments already rendered, a different rule prevails. In personal actions, if the plaintiff in error dies before assignment of error, it is said that by the course of proceedings at common law the writ abates; but if after assignment of errors it is otherwise." From this language it is evident that the death of a party before judgment abates the suit; after judgment and pending appeal, it, at most, abates the writ of error or appeal. III. This subdivision was drawn in aid of a deceased party: not to deprive a successful plaintiff of his property. The death of a party to a suit after a judgment obtained against him cannot release his estate, whether he takes an appeal from the judgment or not. The rule gives his representatives the option of pursuing the appeal, but the successful party cannot lose his claim because the judgment debtor has died, and his representatives do not care to appeal. IV. Infringement of letters patent is a tort, and each defendant is jointly and severally liable. The fact that there are co-defendants and appellants, who are also liable for the amount of the judgment, does not affect a case where the defendants are joint tort-feasors. Judg-

ment against all is a judgment against each, and the estate of each is bound for the whole amount.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. After stating the facts in the language reported above, he continued:

The Judiciary Act of 1789, 1 Stat. 90, ch. 20, § 31, provided that " if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants."

This was re-enacted in the Revised Statutes as § 956, and is substantially a copy of the act of 8 and 9 W. III,, c. 11, § 7, which it was held, in *Clarke* v. *Rippon*, 1 B. & Ald. 586, was applicable to writs of error. Lord Ellenborough, in giving that judgment, said : " The proceeding is an action which is commenced by a writ, and the cause of the action is the damage sustained by the parties from the error in the previous judgment, and this damage equally attaches on the survivor in this as in any other action." *Ib.* 587. This court gave the same effect to our statute in *McKinney* v. *Carroll*, 12 Pet. 66.

Appeals to this court from the Circuit and District Courts are " subject to the same rules, regulations, and restrictions as are or may be prescribed by law in cases of writs of error." Rev. Stat. § 1012. The cause of action in this appeal, that is to say, " the damage sustained by the parties in the previous decree," attaches to the surviving appellants. All the defendants were enjoined from infringing the patented machine, and all were made liable for the payment of the damages which the patentee had sustained by their joint acts as partners. Clearly, therefore, the case is within the statute and may be proceeded with accordingly. The cause of action is one that survives to the surviving appellants.

Undoubtedly cases may arise in which the presence of the representatives of a deceased appellant will be required for the

due prosecution of an appeal, notwithstanding the survivorship of others. If that should be so, the court can, with propriety, direct that the appeal be dismissed, unless it be properly revived within a limited time. The House of Lords made such an order in *Blake* v. *Bogle,* a note of which is found in Macqueen's Practice H. of L. 244. Here, however, there is no need of a revivor that substantial justice may be done. The decree below was against all the defendants jointly, upon a joint cause of action. It affected all alike, and the interest of the decedent is in no way separate or distinct from the others. If the representatives of a deceased appellant voluntarily come in and ask to be made parties, they may be admitted. Such a course was adopted by the House of Lords in *Thorpe* v. *Mattingley,* 1 Phillips, Ch. 200. In the present case, the representatives of the decedent, although notified, do not appear.

*It is proper, therefore, that the appeal should proceed under the statute at the suit of the survivors, and an entry to that effect may be made.*