## ST. LOUIS MALLEABLE CASTING COMPANY *v.* GEORGE C. PRENDERGAST CONSTRUCTION COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 154. Argued December 7, 8, 1922.—Decided January 2, 1923.

An owner of property within a special sewer district, who connected
his premises with the sewer when constructed and availed him-
self of its benefits, is estopped from maintaining a suit in which,
upon the ground that the manner of constituting the district and
apportioning the cost infringed his rights under the Fourteenth
Amendment, he seeks to cancel the tax bill issued to the contractor
against his property.   P. 472.

288 Mo. 197, affirmed.

ERROR to a decree of the Supreme Court of Missouri,
affirming a decree dismissing a suit brought by the plain-

tiff in error to cancel a sewer tax bill issued against its property to the defendant construction company.

*Mr. Lambert E. Walther,* with whom *Mr. John S. Leahy* and *Mr. Walter H. Saunders* were on the briefs, for plaintiff in error.

*Mr. Wm. K. Koerner,* with whom *Mr. Jas. R. Kinealy* and *Mr. Wm. B. Kinealy* were on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Suit in equity to have declared invalid and canceled, a tax bill issued against the property of plaintiff in error, herein designated as plaintiff, for the construction of sewers in Baden Sewer District Number Two, City of St. Louis.

There is a charge of excess and resultant invalidity in the tax bill because the taxing district (sewer district) does not contain tracts of land which it should contain and that are within its drainage area.

The Fourteenth Amendment is invoked against the tax: (1) In that the limits of the sewer district and the apportionment of the cost between the several lots or parcels of land and their respective owners, without a hearing being accorded, deny plaintiff due process of law. (2) In the exclusion from the district of tracts of land as above stated, plaintiff is denied due process of law and the equal protection of the law.

There is an elaborate detail of the particulars upon which the charges are alleged to rest. The particulars include the charter of the city and the various ordinances passed in executing its purpose, the action of the Board of Aldermen, and the action of the Board of Public Service in execution of the direction to contract for the construction of the sewers, and when constructed, to cause the

entire expense to be computed, to levy and assess such expense as a special tax in accordance with the requirements of the charter, and to issue a special tax bill against each parcel of ground liable.

And it is alleged that the defendant was awarded, under the requirement and directions of the ordinances, the contract, and received from the city special tax bills as authorized by the charter and ordinances, among which was one issued against the property of plaintiff for $9,168.86 which, it is alleged, purports to confer upon the holder thereof a lien authorized by the charter of the city.

The trial court, after reciting that it found " in favor of the defendant on the issues joined " and that the plaintiff was " not entitled to the relief prayed," adjudged and decreed that the suit be dismissed.

The Supreme Court affirmed the decree. The court reviewed at length the pleadings of plaintiff and said that the plaintiff made " a very plausible case by the allegations of its petition, but it is not supported by either the evidence in the case or finding of the trial court." The conclusion of the court, therefore, was that there was no arbitrary or discriminating exclusion of property from the district that was within the benefit of the sewer. And further, that " Defendant's evidence tended to show: The sewer, for proportionate part of cost of which appellant's ground was assessed, had been fully completed when this suit was brought, and appellant had *connected its said premises with this sewer and was in actual enjoyment of the benefits thereof.* [Italics ours.] The evidence fails to show any act of commission or omission on the part of the contractor. The appellant does not question the utility of the sewer. Yet, without offering to pay any part of its cost, appellant comes into a court of equity and asks that the entire assessment against its property be canceled."

The conclusion, in effect, was that the fact of connecting its premises with the sewer estopped plaintiff from denying the validity of the tax bill, and the conclusion was supported by the citation of a number of cases, including *Wight* v. *Davidson,* 181 U. S. 371.

The evidence leaves no doubt of the fact that plaintiff, during the construction of the district sewer, made application for a license to connect with it, and afterward did connect with it. The only reply that counsel make is that the court meant nothing more by its conclusion and the cases cited " than the statement of an abstract legal principle " which was " in no way connected up with the evidence." It is further said that " Nowhere in the statement does the Supreme Court find any facts constituting an estoppel."

The comment is not justified. Our quotations from the court's opinion establish the contrary, and that the plaintiff did something more than stand by and make no protest; it availed of the benefits of the sewer. The state cases cited are, therefore, not in point. Nor is *O'Brien* v. *Wheelock,* 184 U. S. 450, 489, of relevant consideration. It is not attempted here, as there, to enforce a law as of validity by estoppel to particular persons, though invalid, under the constitution of the State, to all of the world besides.

Finally, it is said that if the Supreme Court had intended to hold plaintiff estopped from raising the questions under the Federal Constitution, the case would have been peremptorily disposed of without discussing or ruling against those questions. And " Neither is it conceivable," it is further said, " that the petition for a writ of error to this court would have been granted by the Chief Justice of the Supreme Court of Missouri, if the case had been decided against plaintiff in error upon a question of local law." The propositions are not estimable in meaning except there is concession in them that if the estoppel

was ruled it was adequate to justify the court's decree. It was ruled. The effect is not lessened because the court ruled as well on the constitutional questions. As we have seen, the court said that the "plausible case" made by plaintiff "by the allegations of its petition" was "not supported by either the evidence in the case or finding of the trial court." Whether this conclusion received or needed aid from the force the court considered should be assigned to the establishment of the sewer district as furnishing an indisputable presumption of notice, is not absolutely clear. Nor is it clear whether the court considered that notice of the meeting of the Board of Public Service and opportunity to be heard before the Board satisfied the constitutional requirements urged by plaintiff.

However, we are not called upon to resolve the uncertainty, if any there be, in the grounds of the court's ruling upon the constitutional questions. It is enough for our action that the court considered plaintiff estopped to contest the validity of the sewer or the validity of the tax which was imposed by connecting its premises with the sewer. In that conclusion we concur.

*Decree affirmed.*