**GRAY et al. v. COMMODITY CREDIT CORPORATION.**

No. 11287.

Circuit Court of Appeals, Ninth Circuit.

Jan. 28, 1947.

244

David E. Peckinpah, Harold M. Child and L. N. Barber, all of Fresno, Cal., Roger R. Walch, of Hanford, Cal., for appellants.

John F. Sonnett, Asst. Atty. Gen., James M. Carter, U. S. Atty., of Los Angeles, Cal., J. Francis Hayden, Sp. Asst. to the Atty. Gen., Harry I. Rand, Atty., Dept. of Justice, of Washington, D. C., for appellee.

Marvin C. Hix, of San Francisco, Cal., as amicus curiae.

Before DENMAN, BONE, and ORR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing the complaint and declaring the rights of the parties under a contract entered into between appellee, as purchaser, and appellants, who sue on behalf of all growers of muscat grapes who sold to appellee in 1944, as sellers.

Appellants, in urging a reversal, raise three points:

First, they contend that the muscat grape growers are deprived of their property without due process because appellee distributed its funds [derived from the sale of grapes previously sold to it by the growers] to growers of all varieties on a fresh tonnage basis, rather than distributing the proceeds derived from the sale of each variety to growers of that particular variety.

Second, that it is necessary, in interpreting the contract between them and appellee, to imply a provision that appellee shall distribute the fund referred to above to producers of different varieties of grapes on the basis of the profits derived by appellee from its sale of that variety, rather than permitting distribution of the whole fund pro rata to producers of all varieties on a fresh tonnage basis.

Third, that appellants were compelled by duress to enter into the contracts in question, and for that reason any benefits under the contracts which they may have accepted will not estop them from attacking the validity of those contracts, and that acceptance of benefits to which they are entitled in any event is not necessarily inconsistent with an intention to rescind.

These contentions were urged in the lower court and decided adversely to appellants. The trial judge filed a written opinion (D.C., 63 F.Supp. 386) with which we in general agree. We are in addition of the opinion that appellee recognized the difference in value of muscats and other varieties of grapes and fully compensated for such difference by paying to muscat growers $7.00 per ton more for their grapes.

For the reasons stated in the opinion of the trial judge and the additional reason advanced by us the judgment is affirmed.