**UNITED STATES v. WILSON.**

**No. 9238.**

Circuit Court of Appeals, Seventh Circuit.

April 23, 1947.

Rehearing Denied May 12, 1947.

Writ of Certiorari Denied June 23, 1947.

See 67 S.Ct. 1757.

Walter J. Bixler and H. K. Cuthbertson, both of Peru, Ind., for appellant.

Alexander M. Campbell, U. S. Atty., of Ft. Wayne, Ind., James E. Keating, Asst. U. S. Atty., of South Bend, Ind., and Gilmore S. Haynie, Asst. U. S. Atty., of Ft. Wayne, Ind., for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

The defendant, in a case tried by the court without a jury, was found guilty of having received and concealed two barrels of whiskey which had been a part of a shipment moving in foreign commerce. The indictment in one count was based on 18 U.S.C.A. § 409. That section makes it a crime, among other things, to conceal or receive any goods or chattels, knowing the same had been stolen, which were a part of or which constituted an interstate or foreign shipment of freight.

The facts. H. Walker & Sons, Limited, shipped in bond through the United States from Walkerville, Ontario, Canada, 120 barrels of whiskey under a waybill providing for delivery of the whiskey to the consignee at Vera Cruz, Mexico. While en route on the Nickel Plate Railroad, at Peru, Indiana, the seal of the railroad car containing the whiskey was broken and two barrels of the whiskey were removed from the car and later sold to the defendant, who knew that the whiskey had been stolen from the railroad car.

On this appeal defendant contends that he cannot be convicted under the indictment. The argument is that § 409 of the statute in question is not applicable here because, so he says, the shipment was not a shipment in foreign or interstate commerce. To accept this argument would mean that the United States cannot protect a train of cars in transit from the Canadian border to the Mexican border. With this contention we cannot agree.

In support of his argument defendant cites the case of United States v. Philadelphia & Reading R., D.C., 188 F. 484. In that case the defendant was charged with carrying goods in foreign commerce and charging a rate which was not the rate mentioned in the schedules filed with the Interstate Commerce Commission for transportation of freight in interstate commerce. The prosecution was under the

746

Elkins Act, § 1, 49 U.S.C.A. § 41, which provides in part: "it shall be unlawful for any * * * corporation to * * * receive any rebate, concession, or discrimination in respect to the transportation of any property in interstate or foreign commerce by any common carrier subject to said chapter whereby any such property shall by any device whatever be transported at a less rate than that named in the tariffs published and filed by such carrier, * * *." The shipment originated in Germany, destined to Philadelphia for transportation to Canada. A steamship carried it across the ocean to Philadelphia. There it was loaded in bond upon railway cars and transported to Alberta, Canada. The defendant carried the shipment over part of the route and charged a rate which was not the rate mentioned in the schedules filed with the Interstate Commerce Commission for transportation of freight in interstate commerce. From the facts it is clear that that case has no application to the instant case.

The Constitution confers upon the Congress the power to regulate commerce with foreign nations, Const. art. 1, § 8, cl. 3, and it has been held that Congress can enact laws protecting commerce moving from one nation to another. United States v. Coombs, 12 Pet. 72, 37 U.S. 71, 9 L.Ed. 1004.

To regulate, in the sense intended by the Constitution, the Court said in the case of Second Employers' Liability Cases, (Mondou v. New York, N. H. & H. R. Co.) 223 U.S. 1, 47, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A., N.S. 44, is to protect trade and intercourse. Commerce with foreign nations means trade and intercourse in all its branches, Henderson v. Mayor of New York, 92 U.S. 259, 270, 23 L.Ed. 543, and includes the transportation of property. Gibbons v. Ogden, 9 Wheat. 1, 190, 22 U.S. 1, 188, 6 L.Ed. 23; Hanley v. Kansas City Southern Ry., 187 U.S. 617, 619, 23 S.Ct. 214, 47 L.Ed. 333. The railroads of the United States are engaged in trade, that is, the transportation of property, and Congress can enact laws to protect a shipment of goods transported across the United States from Canada to Mexico.

Affirmed.