J. W. ERRETT and the Firestone Tire & Rubber Company, Plaintiffs,

v.

Clark RASMUSSEN, Clerk of the District Court, Polk County, Iowa, et al., Defendants.

Civ. No. 75–130–2.

United States District Court, S. D. Iowa, C. D.

May 21, 1976.

B. A. Webster and Charles H. Dick, Jr., Des Moines, Iowa, for plaintiff.

Leo E. Gross and Eric F. Schwarz, Des Moines, Iowa, for defendants Kerrigan.

Ray A. Fenton, Polk County Atty., and John H. King, Charles S. Crook, III, and James W. Ramey, Asst. County Atty., Des Moines, Iowa, for defendant Rasmussen.

Before STEPHENSON, Circuit Judge, and HANSON and STUART, District Judges.

HANSON, District Judge.

This lawsuit involves a constitutional challenge to Rule 337 of the Iowa Rules of Civil Procedure, which requires judgment debtors in Iowa to obtain a bond in the amount of 125 percent of the judgment against them, guaranteeing full payment of that judgment, in order to prevent levy and seizure upon their non-exempt assets pending appeal. Plaintiffs assert that this supersedeas bond requirement violates the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. They seek a declaratory judgment to that effect, pursuant to 28 U.S.C. § 2201 (1970), as well as a permanent injunction enjoining the application of Rule 337 against them. This Court's jurisdiction is invoked under 28 U.S.C. § 1331 (1970), and a three-judge court has been convened herein pursuant to 28 U.S.C. § 2281 (1970). On November 6, 1975, the case was sub-

mitted to the Court on the basis of the record, which includes a stipulation of facts, and oral arguments.

## FINDINGS OF FACT

1. On September 8, 1969 a tort action was filed in the District Court of Polk County, Iowa by Edward and Lebera Kerrigan. Named as a defendant was one of the plaintiffs herein, J. W. Errett. The suit was based on allegations of Errett's negligence in the discharge of his duties as a manager at the Des Moines, Iowa plant of the Firestone Tire & Rubber Company; Edward Kerrigan had been injured in an industrial accident at Firestone. A jury verdict was rendered in the Kerrigans' favor in December of 1974, and judgment was entered against Errett in the amount of $203,-500.00, plus costs, on January 15, 1975. On February 4, 1975, Errett filed a notice of appeal to the Supreme Court of Iowa, and his appeal was perfected on that date.

2. Plaintiff Errett retired from his position at Firestone in 1973, and moved to Arkansas. Upon the entry of judgment against him in Polk County District Court, and prior to the filing of any supersedeas bond, the Kerrigans filed a "Petition to Register Foreign Judgment" in the Circuit Court of Benton County, Arkansas, deposed Mr. Errett, and prepared to levy upon his non-exempt assets. To forestall the impending levy, Errett executed a supersedeas bond on May 1, 1975 (Exhibit A to plaintiffs' Amended and Substituted Complaint). This bond was challenged by the Kerrigans, and ruled to be insufficient by District Court Judge Wade Clarke on May 8, 1975. Judge Clarke's ruling stated that the bond failed to comply with the condition of Rule 337 "that the surety will satisfy and perform the judgment if affirmed."

3. On May 13, 1975, a Petition for Writ of Supervisory Control was filed with the Iowa Supreme Court by Errett. The writ asserted that Errett's proffered bond "guarantees that [the Kerrigans'] ability to enforce the Judgment will not be impaired pending appeal," and that by doing so it effectively preserved the financial status quo pending appeal, thereby complying with Rule 337. The writ also asserted that "To the extent that Rule 337 requires [Errett] to obtain a Bond guaranteeing full payment of the Judgment" it denied him due process of law and equal protection of the law contrary to the Fourteenth Amendment.

4. The writ was argued before two members of the Iowa Supreme Court, and denied in a two-sentence ruling on May 20, 1975. Soon thereafter, Firestone procured a supersedeas bond meeting the 125 percent requirement of Rule 337(b) through the Fidelity & Casualty Insurance Company. As far as the record reflects, this bond is still in effect; Errett's appeal to the Iowa Supreme Court is still pending; and there has been no levy on his non-exempt property.

## CONCLUSIONS OF LAW

Section 684.18 of the Code of Iowa (1975), provides that:

> The supreme court shall have the power to prescribe all rules of pleading, practice and procedure, and the forms of process, writs and notices, for all proceedings of a civil nature in all courts of this state, for the purpose of simplifying the same, and of promoting the speedy determination of litigation upon its merits. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant.

Iowa Rule of Civil Procedure 337, promulgated under § 684.18 provides in part as follows:

> (a) No appeal shall stay proceedings under a judgment or order unless appellant executes a bond with sureties, to be filed with and approved by the clerk of the court where the judgment or order was entered. The condition of such bond shall be that he will satisfy and perform the judgment if affirmed, or any judgment or order, not exceeding in amount or value, the obligation of the judgment or order appealed from, which the supreme court may render or order to be rendered by the trial court; and also all

costs and damages adjudged against him on the appeal, and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal.

(b) If the judgment or order appealed from be for money, the penalty of such bond shall be one hundred twenty-five percent of the amount, including costs, unless, in exceptional cases, the trial court fix a larger amount; in all other cases, an amount sufficient to save appellee harmless from the consequences of the appeal; but in no event less than three hundred dollars.

It is the stipulation of the parties to this case that:

1. The standard underwriting practice of bonding companies licensed to do such business in Iowa required full cash or cash equivalent collateral before issuing a Supersedeas Bond to J. W. ERRETT in the amount of $256,000, guaranteeing full payment of the KERRIGANS' Judgment in the event it is affirmed by the Iowa Supreme Court.

2. It is the practice of the Polk County Clerk of Court not to approve a Supersedeas Bond under Iowa Rule of Civil Procedure 337 unless the bond is issued by a bonding company licensed to do business in Iowa.

3. The Net Worth of all J. W. ERRETT's assets, which would be cognizable for the purpose of collateralizing a Supersedeas Bond issued by a bonding company licensed to do business in Iowa, is substantially less than $75,000.

The purported inability of Mr. Errett to personally compile the wherewithal to post a supersedeas bond, and hence prevent execution on his non-exempt assets pending appeal, forms the basis of plaintiffs' constitutional attack on Rule 337. Plaintiffs assert three Fourteenth Amendment-based challenges to the Rule: they allege that its enforcement deprives them of their property without due process of law; that it is an arbitrary and capricious requirement denying them procedural due process while a good faith appeal is exercised; and that it invidiously discriminates against them, denying them equal protection of the law.

Defendants directly contest plaintiffs' arguments on the constitutional merits of the statute, and in addition have raised three separate legal issues by way of motions to dismiss: that plaintiffs' claim is moot; that the plaintiffs lack standing to pursue said claim; and that plaintiffs' prior submission to the Iowa Supreme Court of the constitutional issue raised herein deprives this Court of jurisdiction. In addition, the Kerrigans' trial brief asserts that the plaintiffs are estopped from challenging Rule 337. In an order filed on September 8, 1975, this Court overruled defendants' standing and mootness arguments, and reserved ruling on the appellate-jurisdiction-res judicata issue. Upon a full review of the record herein, and the arguments of counsel presented to this Court on November 6, 1975, it is the Court's conclusion that the September 8, 1975 Order in this cause should be vacated, and the case dismissed because the issue is moot as to Errett, and Firestone is estopped from challenging the Rule.

Plaintiff Errett's original complaint in this cause framed the constitutional issue in its purest form. It depicted an individual plaintiff possessing assets of "substantially less than $75,000.00," who sought to protect his non-exempt property while pursuing a good faith appeal of a $203,500.00 judgment against him. In order to invoke Rule 337, to forestall execution, Errett would have to post full cash or cash equivalent collateral on a $256,000.00 bond—a stipulated impossibility. Thus, the complaint squarely presented the issues of the constitutionality of a requirement which made it virtually impossible for a judgment debtor worth less than 125% of the judgment against him to "protect his property" while pursuing an appeal. The Amended and Substituted Complaint filed in this case on July 2, 1975, however, substantially altered the situation just described. The primary changes were the addition of Firestone as a party plaintiff, and the assertion that on May 29, 1975, Firestone procured for Errett a supersedeas

bond fully complying with the requirements of Rule 337.

The parties' October 31, 1975 stipulation of facts further affects the complexion of the case. This stipulation disclosed the parties' perception of the possible liability of two individuals, Firestone's Des Moines plant engineer and manager, to the Kerrigans. This liability would be based on the same incident for which Errett has been found liable. It was further stipulated that:

> The KERRIGANS have offered to release Mr. ERRETT from any personal liability on their Judgment in exchange for his voluntary assignment of any claims for contribution or indemnity, together with his cooperation to the extent of making himself available to testify as those actions might proceed. Mr. ERRETT has not accepted this offer.

Given this stipulation, it is clear that at least in the Kerrigans' eyes, Errett *is* worth more than $75,000.

In the present posture of this litigation, it is apparent that the Court's Order of September 8, 1975, can no longer stand. That Order overruled defendants' allegations of lack of standing and mootness. When the plaintiffs are viewed separately, it is clear that defendants' motions have merit.

### MOOTNESS

As originally presented to this Court, the impetus for the filing of Errett's complaint, and accompanying application for a temporary restraining order, was to prevent an impending execution on his non-exempt assets. As of Firestone's filing of a proper Rule 337 supersedeas bond on May 29, 1975, this risk to Errett has been non-existent. The question thus becomes whether there exists a "specific live grievance" between Errett and the defendants. *Golden v. Zwickler,* 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113, 118 (1969).

In terms of the constitutional challenge presented in this case, Errett's only dispute with the defendants has been over the conditions by which he could effectively stay execution upon his assets while his appeal was processed in the Iowa Supreme Court. Prior to the time Firestone obtained a bond complying with Rule 337, a concrete dispute existed between Errett and the defendants. Since that time, however, no dispute relevant to the issues of this case has existed.

By its very nature, a Rule 337 supersedeas bond is an interim measure. It is the quid pro quo through which a state court litigant facing a money judgment against him can forestall the prevailing party's collection on that judgment. The parties correctly agree that under Iowa law the right to appeal an adverse decision is *not* impaired by one's failure to obtain such a bond. *See* Iowa R.Civ.Proc. 331–336. The bond merely places the appellant's property out of the prevailing party's reach while the appeal is pending. Given the existence of a valid bond in the state case, Errett currently faces no risk of seizure upon his assets. Should his appeal be successful, and the damage award against him reversed, the bond will be discharged, his property will be secure, and the matter will be at an end. If the judgment is affirmed, however, the Kerrigans are entitled to satisfaction. At that point, of course, Errett can no longer forestall a levy on his assets; having been adjudged liable for damages in a civil trial, he will be obligated to pay.

Under the current posture of this case, Errett faces no danger of execution. His property will remain intact pending a ruling by the Iowa Supreme Court. A "live grievance" no longer exists between Errett and the defendants as to the conditions by which he can protect his property. Accordingly, insofar as plaintiff Errett is concerned, this case is moot. *See Ihrke v. Northern States Power Co.,* 459 F.2d 566, 573 (8th Cir.) (Matthes, J., dissenting), *vacated as moot,* 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972).[1]

---

1. Moreover, this lawsuit does not involve the type of "governmental action directly affecting, and continuing to affect the behavior of citizens in our society" as was involved in *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 126, 94 S.Ct. 1694, 1700 (1974) and *Storer v.*

This Court, in its prior ruling on mootness filed on September 8, 1975, stated as follows:

> A "substantial controversy" exists between the parties to this litigation, for although a bond complying with procedural Rule 337 has been procured for Mr. Errett by Firestone, the plaintiffs strenuously contest the legality of that bond. The record indicates that plaintiff Errett, who has a net worth of approximately $75,000, had a judgment entered against him in favor of the Kerrigans for $203,500. Obtaining a supersedeas bond in the amount of 125% of that judgment was Mr. Errett's only method of preventing a levy upon his non-exempt assets. Such a bond has been obtained for Mr. Errett by Firestone, through the Fidelity & Casualty Insurance Co. Without this bond, the Kerrigans' recovery upon affirmance on appeal will be limited to what they can recover from Mr. Errett; with the bond, the Kerrigans can look to Fidelity & Casualty for the amount still unsatisfied after recovering through Mr. Errett. Firestone has agreed to indemnify the insurance company for any amounts it must pay. The supersedeas bond requirement greatly enhances the Kerrigans' possible recovery.
>
> Firestone, by agreeing to indemnify the insurance company, has a substantial stake in the outcome of the litigation adverse to the defendants. Thus, a clear controversy exists between the parties as to whether the required 125% supersedeas

bond in the pending appeal is constitutional.

Order of September 8, 1975 at 2.

As the last paragraph of the quoted passage implies, the Court deems that the mootness issue as to Firestone is distinct from the mootness issue as to Errett. It is the Court's conclusion, however, that the mootness issue as to Firestone is not before it in this litigation; under the current state of the record, Firestone is estopped from challenging Rule 337.

## ESTOPPEL

 The Kerrigans, in their brief on constitutional issues, have cited the following legal proposition as authority for refusing to allow Firestone to challenge the constitutionality of Rule 337:

> One who has acted under the statute and in pursuance of the authority conferred by it, to the detriment of others, is similarly estopped [from challenging its constitutionality]; and one who has voluntarily claimed or accepted the benefit of the statute may be estopped to assert its unconstitutionality, at least if the claiming or acceptance of benefits is to the detriment of others, and if he has acted affirmatively to procure such benefit. Moreover, this is so even though the statute is subsequently declared unconstitutional.

16 C.J.S. *Constitutional Law* § 89 (1956). *See also* 16 Am.Jur.2d *Constitutional Law* § 135. It is the Court's conclusion that this proposition is amply supported by the case

*Brown*, 415 U.S. 724, 737 n. 8, 94 S.Ct. 1274, 1282, 39 L.Ed.2d 714, 727 (1974). Neither is the Court faced with the temporal problem of an issue "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515, 31 S.Ct. 279, 283 (1911). While the finite time period of an appeal's pendency is involved in a challenge such as this one, the consequences of obtaining a 125% bond can linger well beyond the date of the appellate decision, thus preserving a live dispute. For example, if a judgment

award is affirmed, whether or not a 125% bond can constitutionally be required will directly affect the amount the prevailing party can recover. With such a bond, full recovery of the judgment amount is secure; without it, the successful appellee must resort to whatever assets the appellant possesses. In this case, of course, the asserted problem has not arisen because a finite period has elapsed, *cf. Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147, 161 (1973); rather, a proper 125% bond was procured for Errett by Firestone.

law, and wholly applicable to the situation presented by the facts of this lawsuit.

The United States Supreme Court has ruled in numerous instances that federal courts, when asked to grant equitable relief, "will not pass upon the constitutionality of a statute at the instance of one who has availed himself of its benefits." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 348, 56 S.Ct. 466, 483 (1935) (Brandeis, J., concurring). *See Wall v. Parrot Silver & Copper Co.*, 244 U.S. 407, 411–12, 37 S.Ct. 609, 610–611, 61 L.Ed. 1229, 1230–1231 (1917); *Hurley v. Commission of Fisheries*, 257 U.S. 223, 225, 42 S.Ct. 83, 84, 66 L.Ed. 206, 207 (1921). Whether denominated a question of waiver, *Wall, supra*, 244 U.S. at 411, 37 S.Ct. at 610, 61 L.Ed. at 1230, or estoppel, *Daniels v. Tearney*, 102 U.S. 415, 421, 26 L.Ed. 187, 189 (1880), the result is the same; this Court will not entertain Firestone's constitutional challenge to Rule 337.

A vital element to application of the estoppel doctrine to Firestone is the obtaining by Firestone of a benefit by virtue of its posting of the Rule 337 bond. *See St. Louis Malleable Casting Co. v. Prendergast Construction Co.* 260 U.S. 469, 472, 43 S.Ct. 178, 179, 67 L.Ed. 351, 354 (1923). In the Kerrigans' view, Firestone's benefit (and their detriment) has been to put beyond their reach three choses of action they seek to obtain from Errett. Indeed, it is the argument of Kerrigans' counsel that the threatened levy on Errett's assets in Arkansas was undertaken as a condition precedent to the attachment of the causes of action in

Iowa. This levy, of course, was thwarted by the bond. The arguments of defendants' counsel in this regard are amply supported by the parties' stipulation that the Kerrigans have offered to release Errett from personal liability on the $203,500.00 judgment in exchange for a voluntary assignment of any claims for contribution or indemnity he may possess against others. Thus, it is quite apparent from the record in this case that the Kerrigans are more interested in obtaining Errett's rights against others than they are in procuring his non-exempt property in Arkansas.[2] It is equally apparent that Firestone wants to keep Errett's choses in action from the Kerrigans. Rule 337 has allowed them to do so.

The posture of this case is that Firestone, which was not a party to the state court suit against Errett, has voluntarily invoked Rule 337 to place Errett's assets beyond the Kerrigans' reach while his appeal is pending. Having done so, it is this Court's conclusion that equitable considerations now estop Firestone from assailing the constitutionality of the Rule it has invoked to its benefit.[3]

Accordingly, IT IS HEREBY ORDERED that this Court's Order of September 8, 1975, is vacated.

IT IS FURTHER ORDERED that this cause of action be, and hereby is, dismissed.

---

2. It has been stipulated by the parties that Errett would testify, if called, that he has been informed by Firestone that he will not be indemnified for damages assessed against him in the Kerrigan case. Whether Firestone must indemnify others possibly implicated in the matter appears unclear; in the Kerrigans' eyes, however, the possibility exists.

3. Estoppel has been discussed by the United States Supreme Court as applicable to prevent a party from challenging the constitutionality of a law whereby execution upon a debt was postponed to his benefit in *McKinney v. Carroll*, 12 Pet. 66, 69, 9 L.Ed. 1002, 1003 (U.S. 1838), and *Daniels v. Tearney*, 102 U.S. 415,

421, 26 L.Ed. 187, 189 (1880). *See generally* Note *Estoppel to Contest Constitutionality of a Statute*, 48 Harv.L.Rev. 988 (1935); *Buck v. Kuykendall*, 267 U.S. 307, 316, 45 S.Ct. 324, 326, 69 L.Ed. 623, 627 (1925); *United Fuel Gas Co. v. Railroad Comm'n*, 278 U.S. 300, 307–08, 49 S.Ct. 150, 151–152, 73 L.Ed. 390, 395–396 (1929); *National Foundation v. City of Fort Worth*, 307 F.Supp. 177, 186–87 (N.D.Tex. 1967), *aff'd* 415 F.2d 41 (5th Cir. 1969), *cert. denied*, 396 U.S. 1040, 90 S.Ct. 688, 24 L.Ed.2d 684 (1970); *Gray v. Commodity Credit Corp.*, 63 F.Supp. 386, 397–98 (S.D.Cal.1945), *aff'd*, 159 F.2d 243 (9th Cir. 1947).