Chief Justice Robertson
delivered the'Opinion of the
This writ of error is prosecuted to reverse an1 the county court, discontinuing a ferry, esta! favor of Gustavus A. Brown, in 1811, on the land River, near its mouth.
Brown was notified to shew cause why hisfer' “ not be discontinued, for want of proper bo^fes._and hands, and for not keeping the same up and in ordei^’ according to law.”
After he had appeared, and testimony had been heard, the court made an order, declaring his ferry discontinued, “ because the same has not been kept up, according to law, for more than two years before the commencement of this motion, with proper boats and hands.”
The authority of the county court, and the propriety of its order, must be tested bv the ninth and tenth sec *260 tions of an act of 1796, (1 Dig. 590,) which are as follows :—
Tlie act authorizing co. courts to discontinue ferries, must be strictly pursued.
The notice, or summons, (or order authorizing it,) to the owner ofa ferry, to show, cause against its being discontinued,must apprize him of the nature of the complaint.
Two causes only will authorize an order discontinuing afer-ry — 1, failure, for six months after it is granted, to pro vide hoalsand hands; 2, its being disused and unfrequented for two years.
Sec. 9. “ And all ferries which may be hereafter established, and which shall not be furnished with necessary boats and ferrymen within the space of six months after the establishment thereof., or shall, at any time thereafter, be wholly disused and unfrequented for the space of two years, shall be and the same are hereby discontinued.”
Sec. 10. “And it shall be lawful for the court of the county in which such ferry or fervies shall be, on complaint to them made, to summon the proprietor or proprietors of the same, to shew cause why it shall not be discontinued, and to be decided according to the testimony adduced.”
As the jurisdiction thus conferred is special, and highly important, and may be liable to much abuse, tlie law should be strictly pursued; and unless it be so pursued, a grantee of a ferry cannot be disfranchised, undercolor of a proceeding so anomalous as that prescribed by the act of 1796.
It seems to this court, that the order in this case, cannot be sustained by a proper interpretation and application of the foregoing sections.
Neither the notice, nor the initiatory, or final, order of the county court, furnishes proof of its jurisdiction.
The notice required by the tenth section, must be considered in the nature of an information, and should, therefore, contain a distinct and intelligible specification of one of the only two causes for discontinuance mentioned by tlie nintfi section. These causes are : — 1st. a failure,, for six months after the establishment of the Jerry, to provide “the necessary boats and ferrymen ;” 2nd. tlie fact that the ferry shall have been, for two years, “ wholly disusea and unfrequented.'” As the summons issued in this case, does not specify either of those causes, or any other legal cause for discontinuance, it cannot be deemed such an one as is contemplated and required, and must, therefore, be treated as no notification whatever to Brown.
Flis appearance did not legalize the summons, or waive any objection to its insufficiency. The sole object of re- *261 quring a summons, is, that the party to be proceeded against, may be notified of the ground of complaint, so as to defend himself against it; and so, also, as to shew that the court has jurisdiction.
The appearance of the owner of a ferry, summoned to show canso against its discontinuance, does not waive the necessity, of due notice to him, of the the grounds of the motion.
We will not say that, if the order directing the summons, had contained a sufficient specification of a legal charge, a general notice to appear might not have been good. But the order contained no such specification.
There is nothing in the record which notified Brown of a specific legal cause of complaint, or which gave to the county court authority to adjudicate. Even the final order of discontinuance, discloses, as the only reason for making it, an insufficient fact — to wit, that Brown had not, for two years, “ kept up his ferry according to law, with sufficient boats and hands.” This may be admitted, and still it is not even implied as a consequence, that his ferry had been, for two years, ii wholly discontinued and unfrequentedor that he had failed, for six months succeeding his grant, “ to furnish the necessary boats and ferrymen.”
Wherefore, the order discontinuing the ferry is set aside and annulled.