Paynter, etc. v. Miller.

---

CASE 3—PROCEEDING IN COUNTY COURT BY GEORGE B. PAYNTER, ETC., AGAINST ISAAC MILLER TO ESTABLISH A FERRY.—APRIL 26.

## Paynter, &c. v. Miller.

APPEAL FROM GREENUP CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

PROCEEDING DISMISSED AND PLAINTIFF'S APPEAL. AFFIRMED.

FERRIES—PRIVILEGES—TRANSFER—NONRESIDENTS—AVOIDANCE OF LEASE —TIME—MANNER OF PROCEEDING.

1. Ky. St. 1903, section 1808, subd. 3, provides that, when sale is made of a ferry right, it must be with leave of court, and fur-

ther provides that a nonresident owner of a ferry right shall sell the same to a resident citizen of the State within a year after the accrual of his right. The personal representative of the owner of an estate for years in a ferry must, within one year after administration, sell the right, with the consent of the court. On failure to comply with any provision of the section, the court is directed to revoke the grant. HELD, that the administratrix of the owner of a ferry privilege had power to sell the residue of such owner's term, with the consent of the court, to a nonresident and while it was incumbent on the purchaser to transfer his right to a resident within a year, his failure to do so did not *per se* avoid his lease, but it was voidable only at the instance of the lessor, or the State or county authorities, in a direct proceeding instituted for that purpose.

2. It is too late to raise the question of the failure of a nonresident owner of a ferry privilege to transfer the same to a resident within a year, as required by Ky. St., 1903, sec. 1808, subd. 3, after he has transferred his lease to a domestic corporation, with the consent and approval of the county court.

E. E. FULLERTON AND H. D. PAYNTER, ATTORNEYS FOR APPELLANTS.

1. No ferry right or privilege shall be granted hereafter for a longer period than twenty years. Section 1802, Kentucky Statutes, Potts v. Park, 106 Ky., 202; 20 Law Rep., 1774, Statutes of 1852.

2. A ferry shall be established at the instance and for the benefit of the land owner on which it is located or of some one who has obtained from the owner the privilege of using the same for that purpose. Section 1803, Kentucky Statutes.

3. No application to establish a ferry shall be heard unless notice of the application shall have been posted at the court house door of the county on the first day of the term of the court next preceding that at which the application is made. Section 1804, Kentucky Statutes, Stall v. Brown, 84 Ky., 325, 8 Rep. 279.

4. The county court has no jurisdiction to establish or grant a ferry privilege for a period of twenty years until the required notice has been given, and an order granting the privilege before notice is void. Hazelip v. Lindsay, 93 Ky., 14, 13 R., 913, 86 Ky., 614.

5. Our statute laws of Kentucky do not contemplate that a nonresident of the State shall be admitted to the privilege of holding a ferry privilege granted under the laws of this State since the enactment of the statute that took effect 1852, chapt. 49, sec. 1808, subsec. 3, Ky. Statutes, by purchase or grant, and

the twelve months in which is allowed to sell has reference to cases of removal of residents, owners and rights accruing by inheritance.

6. A nonresident owner of a ferry right or privilege shall sell the same to a resident citizen of this State within one year after his removal or the accrual of his right with permission of the county court.   Section 1808, subsec. 3, Kentucky Statutes.

7. A ferry franchise may be granted before there has been a revocation of a former grant. 60 S. W., page 933; Combs v. Sewell, 22 R., 1026.

8. Void orders or proceedings do not bind or estop any person whether parties, privies, or strangers. Estoppels are not favored. Hauson v. Buckner, 4 Dana, 255; De Wolf v. Mallett, 3 Dana, 216; Estill Heirs v. Clay, 2 Marshall, 497.

9. A void order of the county court granting a ferry privilege can be questioned collaterally, Hazelip v. Lindsay, 93 Ky., 14; Blinco v. Head, 103 Ky., 111; Jacobs v. L. & N. R. R. Co., 10 Bush, 263; Miller v. Swan, 91 Ky., 36, 12 R., 620.

10. A purchaser of a ferry privilege which has partially expired before purchase and afterwards abandons the purchase grant, and elects to and does accept a void grant from the county court for a full period of twenty years, and proceeds and does operate said ferry for more than one year's time under the void grant can not avail himself of the unexpired time after being assailed by other applicants for a ferry grant at the same point of the purchase privilege.

11. If a nonresident should become the owner of a ferry privilege under the laws of Kentucky and fail to sell the same to a resident citizen of this State within one year as required by subsection 3 of section 1808, Kentucky Statutes, the year had expired after the accrual of his right and another citizen of this State had posted notice of his intended application for a ferry privilege at the same point and after the said notice had been posted and then the nonresident owner sells his privilege to a resident citizen, then no revocation is necessary before a grant is made to another who had complied with statutory requirements necessary to give the county court jurisdiction.   60 S. W., page, 933, Sewell v. Combs.

12. The granting of a ferry franchise by a county court for a period of twenty years fixing rates of toll and the acceptance of bond is the establishment of a ferry in the meaning of section 1803, Kentucky Statutes, notwithstanding the granting of the franchise is at a point where there had been a ferry maintained for a number of years.

13.   The statute of Kentucky does not contemplate that ferries

may be established or privilege granted by county courts at special terms.

B. F. BENNETT AND HARRY MILLER, ATTORNEYS FOR APPELLEE.

1. A ferry can not be established until the applicant establishes his right to the land on which it is located by purchase or lease from the owner.

2. A ferry can not be established on the Ohio river within less than a mile and a half in a straight line of an existing ferry.

3. A ferry privilege granted to a citizen of this State and transferred by such citizen to a nonresident of this State can not be revoked without service of process on the nonresident or order posted at the court house door on a court day of a previous term of the county court and publication in some newspaper printed in the county as provided in section 1808, Kentucky Statutes.

4. The grant of a ferry right is a judgment of the county court, and can not be questioned in a collateral proceeding.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 1800, 1802, 1803, 1804, 1820; Waite on Actions and Defenses, vol. 3, pages 348-349; Kent's Commentaries, vol. 3, top pages 590-591; Freeman on Judgments, secs. 122 and 132; Black on Judgments, vol. 1, secs. 271 and 282.

### KENTUCKY REPORTS.

Givens v. Ferguson's Heirs, T. B. Monroe, page 186; Trustees of Jefferson Seminary v. Wagnon, 2 A. K. Marshall, page 379; Trustees of Maysville v. Boone, 2 J. J. Marshall, page 224; Lytle v. Breckinridge, 3 J. J. Marshall, page 963; Trustee of Newport v. Taylor, 6 J. J. Marshall, page 134; Everston v. Sanders, 6 J. J. Marshall, page 143; Churchill v. Grundy, 5 Dana, page 103; Carter v. Kalfus, 6 Dana, page 43; L. C. & L. R. R. Co. v. The Commonwealth, 10 Bush, page 47; C. & O. R. W. Co. v. Barren County Court, 10 Bush, page 609; Stahl v. Brown, 84 Ky., page 325; Dufour v. Stacy, 90 Ky., page 288; Hazelip v. Lindsay, 93 Ky., page 14.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellants, George B. Paynter and James Fullerton, petitioned the Greenup county court, at its August term,

1903, to establish a ferry from Fullerton, Ky., across the Ohio river, to Portsmouth, and to grant them the privilege of operating the ferry, in accordance with the provisions of chapter 49 of the Kentucky Statutes of 1903. They allege in their petition, in substance, that they had complied with all the preliminary provisions required by the statute; that a steam ferry was being operated between these two points by one Isaac Miller, a nonresident of Kentucky, who had purchased the privilege of doing so from the administratrix of George Winn, to whom the privilege of operating a ferry between Fullerton, Ky., and Portsmouth, Ohio, had been granted on the 5th of December, 1892, at a regular term of the Greenup county court; that on the 6th day of December, 1897, George D. Winn had renewed his covenant with the Commonwealth of Kentucky for the ferry privilege, as required by law; that some time prior to March, 1902, George D. Winn died, and that his wife, as his administratrix, had sold the ferry privilege previously granted to her husband to Isaac Miller, of Portsmouth, Ohio, who had also acquired the ferry landing on both the Kentucky and Ohio shores by purchase; that at a special term of the Greenup county court held on the 15th of March, 1902, an order was entered by the court ratifying the previous sale and transfer of the ferryboat and ferry right, and at the same time a regrant was made to Miller of the ferry privilege for a term of twenty years from that date, and that he executed a bond therefor as required by law and an order was entered fixing the tolls; that prior to the 21st day of July, 1903, Miller sold and transferred the privilege which had been granted to him to the Fullerton & Portsmouth Ferry Company, a corporation organized under the laws of the State of Kentucky, with the consent of the ad-

ministratrix of the estate of Geo. Winn and B. F. Bennett, who held purchase-money liens on the ferry property, and that on that day the Greenup county court ratified the sale of the ferry privilege, and renewed the grant to the ferry company for a term of twenty years; and that the company had executed bond as required by law for the faithful performance of their duties thereunder. Petitioners allege that both the grants to Miller and the ferry company were void, because made at a special term of the county court, and without the notice required by section 1804 of the Kentucky Statutes of 1903. They also allege that Miller had forfeited all right to operate the ferry before his sale and transfer to the ferry company, for the reason that more than one year had elapsed after his purchase from the administratrix of Winn before his transfer to the ferry company as required by subsection 3 of section 1808 of the Kentucky Statutes of 1903. The appellee, Isaac Miller, filed a demurrer to appellant's application, which was sustained, and their application dismissed. They thereupon appealed to the Greenup circuit court, and appellee again demurred to their petition, which was sustained, and the petition dismissed. Plaintiffs in the application now appeal to this court.

Chapter 49, section 1800, of the Kentucky Statutes of 1903, provides that "the several county courts shall have jurisdiction to establish ferries and grant ferry privileges upon any river or stream in or adjoining their respective counties for not-exceeding twenty years; that the ferry shall be established at the instance and for the benefit of the owner of the land on which it is located, or some one who has bought from the owner the privilege of using the same for that purpose; that no application to establish a ferry shall be heard unless notice of the application shall

have been posted at the court house door of the county
on the first day of the term of the court next preceding
that at which the application is made." Subsection 3 of
section 1808 provides that "when sale is made of a ferry
right, or lease thereof, it must be with leave of the court,
and the purchaser or lessee must execute covenant, with
sufficient surety, in lieu of former covenant. . . . If
the estate be for a term of years, the personal represen-
tative must, within  one year after administration, sell the
right with the assent of the court, and the purchaser give
such new covenant.   A non-resident owner of a ferry right
shall sell the same to a resident citizen of this State, with-
in a year after his removal or the accrual of his right, with
leave of court, and the purchaser give such new covenant.
Upon failure to comply with any requisition of this sub-
section, the court shall revoke the grant, the party having
been first summoned, or, if a non-resident, warned by an
order posted at the court house door, on a court day of
a previous term, and by publication in some newspaper
printed in the county, if any such there be."   Under these
provisions of the statute, the administratrix of George D.
Winn had the right, with the consent of the Greenup
county court, to sell the residue of his term as ferryman;
and whilst it was incumbent upon her  non-resident  pur-
chaser to transfer the right acquired by him to a resident
of this State within a year after his acquisition thereof,
the failure to do so did not *per se* avoid the lease, as it was
voidable only at the instance of the lessor, or the State or
county authorities in a direct proceeding instituted for that
purpose.   And it was too late after the lease to a Ken-
tucky corporation with the consent and approval of the
county to raise this question.   See Owens v. Roberts, 69
Ky., 608.   Section 1058 of the Kentucky Statutes of 1903,

provides that "special terms of the county court may be held at any time for the transaction of any business except the probating of a will or granting a tavern, liquor or druggist license." It is unnecessary, in the determination of the rights of appellant in this case, that we should decide whether the notice required by section 1804 as a condition precedent to the establishment of a ferry also applies to an application for the renewal of a grant to operate a ferry which has already been established. The court properly sustained a demurrer to appellant's original and amended petitions.

Judgment affirmed.