## Hammond v. Commonwealth.

(Decided October 7, 1924.)

### Appeal from Lewis Circuit Court.

1. Ferries—Franchise Forfeited Only for Causes Set out in Statute.—Jurisdiction to forfeit ferry franchise is special, and franchise may only be forfeited for cause set out in Ky. Stats., section 1810, and it must be strictly pursued.

2. Ferries—Grounds Alleged for Revocation of Grant Held Not Sufficinet.—Complaint alleging that one granted franchise operated ferry in negligent and careless manner, and not in reasonable and convenient manner for use of general traveling public, so that persons using ferry were greatly inconvenienced, and that ferry was not operated for several hours at a time, did not warrant revocation of franchise under Ky. Stats., section 1810, though it might warrant fine under section 1815.

HARVEY PARKER, JR., ALLAN D. COLE and H. W. COLE for appellant.

J. P. STROTHER, County Attorney, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

On October 21, 1918, the Lewis county court made an order granting to Charles Hammon a ferry franchise for ten years over the Ohio river from Vanceburg, Kentucky, to Sandy Springs, Ohio. On February 24, 1922, the county court served a notice on Hammond that a complaint had been filed in the court stating grounds and asking that the ferry franchise granted to him be forfeited and annulled, and that hearing of the motion would be had in that court on Monday, March 20, 1922. Upon the hearing of the case in county court it was adjudged that the franchise be forfeited, cancelled and set aside.

Hammond appealed to the circuit court. In the circuit court he demurred to the statement and moved the court to dismiss the proceedings, on the ground that the notice and grounds filed did not state sufficient facts to constitute a cause of action. His demurrer and motion were overruled; the case was tried, and a judgment forfeiting the franchise was entered in the circuit court. From this judgment he prosecutes the appeal before us.

It is the settled law that the jurisdiction to forfeit a ferry franchise is special; that the franchise may be only forfeited for the cause set out in the statute and the statute must be strictly pursued. Brown v. Givens, 1 Dana 259. The only provision of the statute authorizing a revocation of the grant of a ferry franchise is in these words:

"If the grantee shall not, within six months after the grant, put and keep the required boats and hands in use, the court shall, after notice to him, revoke his grant." Kentucky Statutes, sec. 1810.

The meaning of the statute is that the grantee shall within six months after the grant put the required boats and hands in use and thereafter keep them in use. The grant in this case contained the following requirement on this subject:

"He is required to keep a gasoline or steam motor boat of sufficient power for the purpose required and shall also keep a ferry flat of sufficient dimensions to accommodate the traveling public in the transportation of wagons, automobiles, and other vehicles, teams and live stock. He shall keep one or more hands employed in operating the ferry boat and in handling smaller craft in the transportation of freight and passengers when safe and proper to do so."

The grounds for the revocation of the grant filed in the county court are in these words:

"That said Hammond and his assignees, agents and employees operate said ferry in such a negligent and careless manner, and fail to operate the same in a reasonable and convenient manner for the use of the general traveling public; that persons using said ferry are greatly inconvenienced, and that frequently said ferry is not operated for several hours at a time."

This is not sufficient to warrant a revocation of the grant under the statute, although it is sufficient to warrant a fine under section 1815, Kentucky Statutes. The ferry franchise for the term of ten years is a valuable right. To warrant a revocation of the franchise the statute should be strictly followed and the statutory grounds for the revocation of the franchise must be alleged. The proceeding is highly penal and the defendant is entitled to know what he is called upon to answer in the county court when the proceeding is instituted. The statement filed in the county court does not show that the grantee did not within six months after the grant put the required boats and hands in use or that he did not thereafter keep them in use. He was required by the grant to keep a gasoline or steam motor boat of sufficient power for the purpose required and a ferry flat of sufficient dimensions to accommodate the traveling public, but there is no charge that he failed to do these things.

Judgment reversed and cause remanded with directions to sustain the defendant's demurrer and for further proceedings consistent herewith.