## Crittenden County v. McConnell.

(Decided March 10, 1931.)

G. L. DRURY and JOHN A. MOORE for appellant.

JOHN W. BLUE, Jr., C. S. NUNN and NUNN & WALLER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Appellee was the owner of a ferry between Cave-In-Rock, Ill., and a point opposite Cave-In-Rock, Ill., in Crittenden county, Ky. On the 8th day of July, 1929, the

county judge of Crittenden county prepared and signed a notice addressed to the appellee, reciting that a motion had been made in the county court by Al Easley, a citizen of Crittenden county, to revoke his ferry right, and ordered him to appear in the county court at the next regular court day, on the 12th day of August, 1929, to show cause, if any he had, why his ferry franchise or right should not be revoked "because he is and has been for more than one year before the filing of this notice, a non-resident of the State of Kentucky, which notice is now given under and by virtue of the authority conferred on this court by section 1808, Ky. Statutes." The original notice was lost. The parties to this action agreed on its contents, and that it should be substituted, which was accordingly done. The appellee filed thereto in the county court a special and general demurrer, together with an agreed statement of facts. In the agreed statement it is recited that the appellee was a nonresident of the state of Kentucky at the time the notice was posted by the county judge, and had been for more than one year prior thereto; that the notice was published in the Crittenden county papers as required by law. They agreed for a hearing of the motion to be taken up on the first day of the August term, 1929, of the Crittenden county court. On the hearing in the county court, the court overruled the special, but sustained the general, demurrer. An exception to this ruling was duly taken, and an appeal granted to the Crittenden circuit court.

On a trial in the circuit court, the appellee again insisted on both his special and general demurrer. The court passed the question raised by the special, and sustained the general, demurrer. Accordingly, judgment was entered, dismissing the proceeding with costs against the county. From this judgment this appeal is prosecuted. The appelle insists: (1) That the notice is insufficient; (2) that nonresidency is not a ground of revocation of a ferry franchise on the Ohio river; (3) that a ferry franchise is property, and cannot be revoked on the ground of non-residency of its owner; (4) that the statute authorizing the forfeiture of property on the ground of nonresidency is violative of both the state and Federal Constitutions; (5) that the proceeding is controlled by the Civil Code of Practice, Sec. 480.

It is insisted that the county court was without right to give the notice and thus start the machinery of

the law in motion for the purpose of revoking a ferry franchise; that the notice is insufficient because it fails to set forth that the franchise was acquired under the present statute. The notice recites that the order was entered in the county court on the motion of Mr. Easley. The statute under which this proceeding is had, does not confer on a person not affected by, or interested in, a ferry franchise, a right to institute, or cause to be instituted, the proceeding. The notice which is the basis of it does not show his interest in the subject-matter. The contention of appellee in regard to Easley's rights is sound. Cosby v. Lynn, 4 Bibb, 249.

A ferry franchise "is a hereditament, which descends with the land to his heirs, and passes to his vendee by alienation of the right to the land. It is, therefore, not like a tavern license which is personal, but is like a right of way, or a right to a toll bridge." Trustees of Maysville v. Boon 2 J. J. Marsh. 224; Dufour v. Stacey; 90 Ky. 295, 14 S. W. 48, 49, 12 Ky. Law Rep. 268, 29 Am. St. Rep. 374.

"The right to a ferry on the Ohio, is a franchise incident to a freehold in the land. It passes with the title to the land." Lytle v. Breckenridge, 3 J. J. Marsh. 663.

In Carter v. Kalfus & Watts, 6 Dana, 43, it was said:

"A right to ferriage like that to pontage, is valuable property, and requires, on the Ohio river, large expenditures of money by the grantee of the franchise, . . . and founded on a valuable consideration."

In Brown v. Given, 4 J. J. Marsh. 28, it is said:

"A ferry is a public highway, and is established more for the public good, than for the individual advantage of the grantee."

By the common law of England a franchise was said to be a branch of the king's prerogative in the hands of a subject. 2 Sharwood's Blackstone's Commentaries. In America it is understood to be a public privilege conferred by grant of the government and vested in individuals. 3 Kent's Commentaries, 458; 1 Bouv. Law Dict. (1st Ed.) 611; Sutherland on Statutory Construction, Sec. 378, p. 487; Charles River Bridge v. Warren Bridge

et al., 11 Pet. 420, 9 L. Ed. 773; Conway v. Taylor, 1 Black, 603, 17 L. Ed. 191; Wiggins Ferry Co. v. East St. Louis, 107 U. S. 365, 2 S. Ct. 257, 27 L. Ed. 419; State v. Faudre, 54 W. Va. 122, 46 S. E. 269, 63 L. R. A. 877, 102 Am. St. Rep. 927, 1 Ann. Cas. 104.

Again in Dufour v. Stacey, supra, we said:

"Nevertheless that fact at the same time serves to show a ferry franchise is the subject of contract between the commonwealth and grantee, and that a valuable consideration passes from the latter to the former, whereby a property right becomes vested."

In Conway et al. v. Taylor, supra, the United States Supreme Court stated:

"A ferry franchise is as much property as a rent or any other incorporeal hereditament, or chattels, or realty. It is clothed with the same sanctity and entitled to the same protection as other property."

The county court, by section 1800, Ky. Statutes, is given original and exclusive jurisdiction (1) to establish and grant ferry privileges; (2) to regulate; (3) revoke; (4) and control the same. Decker v. Tyree, 204 Ky. 302, 264 S. W. 726.

Section 1808, Ky. Statutes, under which the notice was given, prescribes the procedure that should be taken to initiate the proceeding against the owner of a ferry on account of his nonresidency. The posting of notice and publication in the manner pointed out by the statute is equivalent to service of summons. Clark County Court v. Warner, 116 Ky. 801, 76 S. W. 828, 25 Ky. Law Rep. 857.

Inasmuch as the county court by statute is given exclusive jurisdiction of the subject-matter, it was immaterial whether the procedure of the court or the giving of the notice by the judge was sua sponte or at the suggestion of another. Notice to the appellee of the proceedings to revoke it was a prerequisite to the exercise of the jurisdiction of the county court, because he, as a nonresident owner thereof, had failed to comply with the requirements of the statute. A franchise may be revoked only for the causes set out in the statute. It must be strictly construed and followed. It is not only

indispensable that the notice be given him, but the jurisdictional facts must be stated therein. Hammond v. Com., 204 Ky. 729, 265 S. W. 297; Brown v. Givens, 1 Dana, 259. The statute designates the causes for which a ferry franchise may be annulled, and it cannot be done on any other than a statutory ground. It is stated in the notice that the appellee is the owner of the ferry franchise designated therein, located in Crittenden county, and that "he is and has been a non-resident of the state of Kentucky for more than one year before the filing of this notice."

The statute reads:

"... A non-resident owner of a ferry right shall sell the same to a resident citizen of this state, within a year after his removal or the accrual of his right, with leave of the court, and the purchaser give such new covenant. Upon failure to comply with any requisition of this sub-section, the court shall revoke the grant, the party having been first summoned, or, if a non-resident, warned by an order posted at the courthouse door, on a court day of a previous term, and by publication in some newspaper printed in the county, if any such there be."

The notice and its publication in a newspaper printed in Crittenden county and posted at the courthouse door, setting out the ground for revoking his franchise, sufficiently complied with this statutory provision. Combs v. Sewell, 60 S. W. 933, 23 Ky. Law Rep. 169.

Next, it is insisted that a franchise is property, and a statute providing for a revocation of the franchise on the ground of nonresidency is violative of both the state and Federal Constitutions. The argument is not tenable. Larson v. South Dakota, 278 U. S. 429, 49 S. Ct. 196, 73 L. Ed. 441. The appellee is owner of the franchise by virtue of the statute. It is a creature of statute, and, as we have heretofore stated, constitutes a contract beween him and the state. He cannot claim both under and against the statute by which his franchise was created and exists. He cannot claim under, and invoke, the power which he assails; nor can he assail that which he claims under and invokes. One who invokes a provision of the law may not thereafter question its constitutionality. One cannot claim under a contract or a will and at the same time repudiate the instrument or any of its provisions.

"One cannot in the same proceeding both assail a statute and rely upon it. Hurley v. Commission of Fisheries, 257 U. S. 223, 225, 42 S. Ct. 83, 66 L. Ed. 206; Compare Wall v. Parrit, etc., 244 U. S. 407, 411, 37 S. Ct. 609, 61 L. Ed. 1229." Nor can one who avails himself of the benefits conferred by statute deny its validity. St. Louis Malleable Casting Co. v. Pendergrast Co. 260 U. S. 469, 43 S. Ct. 178, 67 L. Ed. 351; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 326, 69 L. Ed. 623, 38 A. L. R. 286.

The appellee insists that he is protected by the interstate commerce law, because his ferry is on the Ohio river, a navigable stream forming a boundary line between two states. In the case of Tri-State Ferry Co. v. Birney, 235 Ky. 540, 31 S. W. (2d) 932, we determined this question adversely to the contention of the appellee.

He insists that the procedure to revoke his franchise is controlled by sections 480 and 483 of the Civil Code of Practice. Section 480 provides: "Ordinary actions may be brought . . . to prevent the usurpation of an office or franchise." Section 483 is in this language: "If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action." Section 484 requires actions provided for by section 480 and 483 to be instituted by the commonwealth's attorney, if no other person be entitled thereto, or if the person entitled thereto fails to institute same during three months after the usurpation. It is the contention of the appellee that these Code provisions provide an exclusive remedy, and that the county court is without authority in an absence of a compliance with the Code provisions, supra.

The appellee is not charged in the notice with being a usurper of the franchise. He is charged with a failure to observe the provisions of the statute as the owner of it. His continued nonresidency for more than one year does not ipso facto forfeit his franchise. Paynter v. Miller, 118 Ky. 29, 80 S. W. 469, 25 Ky. Law Rep. 222. The proceeding under section 1808 to revoke it is required before he can be deprived thereof. Until he is deprived of it, in the manner and form prescribed by statute, he cannot become a usurper. To be a usurper, his claim to it must be unfounded and without pretense of a franchise granted under the statute. Com. v. City of Frankfort, 13 Bush, 185.

The notice merely shows him to be the owner, not a usurper of the ferry franchise, and requires him as such owner to show cause why the statute under which he owns and holds same has not been complied with, and the proceeding is specifically authorized by statute. The Code provisions, supra, are not applicable to the subject-matter or to the proceeding which is specially authorized by the statute.

It is insisted that the notice fails to show that his franchise was acquired under the present statute, or not prior thereto. As a defense, he may show that he sold the franchise with the consent of the county court, or that it was granted prior to the enactment of the present statute, and that, by reason thereof, his ownership is not subject to its provisions, or any other defense he may have. Dufour v. Stacey, supra, and Paynter v. Miller, supra.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.