# WALL ET AL. *v.* PARROT SILVER & COPPER COMPANY ET AL.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

No. 271.   Argued May 4, 7, 1917.—Decided June 4, 1917.

The court agrees with the District Court in concluding that appellants' allegations of fraud were not sustained.

Generally speaking, when fraud is alleged and denied, the party making the charge will be confined to that issue.

When a constitutional question, asserted as the basis for the jurisdiction of this court on direct appeal from the District Court, is pleaded

as resulting from the execution of a fraudulent scheme, the question ought not to be considered (*semble*), if the charge of fraud fails.

By claiming the benefits of state laws the right to question their constitutionality may be waived.

216 Fed. Rep. 242, affirmed.

THE case is stated in the opinion.

*Mr. Francis P. Garland* and *Mr. Asa P. French* for appellants.

*Mr. L. O. Evans* and *Mr. John A. Garver* for appellees.

MR. JUSTICE CLARKE delivered the opinion of the court.

The appellants as owners of 1210 of the 229,850 shares of the capital stock of the Parrot Silver & Copper Company, a corporation organized under the laws of Montana, filed their bill in the United States District Court for the District of Montana, seeking to avoid an executed sale of all the property and assets of that company made on May 31, 1910, to the Anaconda Copper Mining Company, the consideration being a stipulated number of shares of the vendee company.

The claim of the appellants is that in 1899 certain persons acquired control of a majority of the shares of the capital stock of the Parrot Company with the fraudulent purpose of so managing its affairs as to deplete and depreciate its assets "and then to acquire them" for less than their real value, thereby depriving the minority stockholders of "the just and fair value of their right and interest" as shareholders or "of an appraisal of the value of their stock on any adequate basis of value."

It is further claimed that this fraudulent scheme found consummation in the sale to the Anaconda Company, which was made under authority of §§ 4409, 4410, 4411, and 4412 of the Revised Codes of Montana.

Section 4409 provides that a sale may be made of all the assets of any mining corporation when at least two-thirds of the whole number of shares of the capital stock outstanding shall vote in favor of making such sale at a meeting called and notified as provided in the section. Such a sale of the "whole of the property of such corporation" works a dissolution of the corporation under § 4410 and its affairs must be wound up. Section 4411 provides that any stockholder who shall not have voted for or authorized such sale may, within twenty days from the date of the stockholders' meeting authorizing it, give written notice that he does not assent thereto and demand payment of the value of his stock, and ten days after the service of such notice he must, or the corporation may, apply to a designated court and have the value of the stock fixed and appraised. Upon such application the court shall appoint three appraisers who shall take evidence in relation to and shall find the value of the stock of such dissenting stockholder "at the time of his dissent." To any stockholder not satisfied with the award of the appraisers the next section, 4412, allows an appeal to the District Court where the value of the stock shall be re-assessed by a jury in the same manner as in "appeals from the assessment of commissioners in condemnation proceedings provided by law." The judgment on such an award must be entered against both the vendor and the vendee corporation, and by the statute it is made a lien superior to the rights of the vendee upon all of the real property sold.

After the sale to the Anaconda Company complained of the appellants served a notice of dissent on the Parrot corporation and commenced a statutory proceeding for the appraisal of their stock, which has not been brought on for hearing but is still pending.

The claim upon which the appellants come into this court by direct appeal is that the statutes of Montana

referred to are unconstitutional because they provide for a sale of all the property of the corporation upon a favorable vote of less than all (not less than two-thirds) of the shares of the capital stock of the corporation and that dissenting stockholders must accept an award of the value of their stock made as of the date of sale. Such an award in this case, it is claimed, would be based upon a valuation of the assets of the company after they had been fraudulently depleted and depreciated and without its being possible in such a proceeding to add anything to the value of their stock on account of the damage which the persons in control of the defendants by their fraudulent conduct had done to the property of the Parrot Company, and thereby to the value of the appellants' stock prior to the sale. This, it is contended, would result in taking the property of the appellants without just compensation and in violation of the "due process of law" and of the "equal protection of the laws" clauses of the Fourteenth Amendment to the Constitution of the United States.

This summary of this record shows that the claims of the bill presented to the District Court for decision two questions, viz:

(1) Did the defendants fraudulently dissipate and depreciate the assets of the Parrot Company prior to the sale complained of to the damage of the interest of the appellants as stockholders?

(2) If the Montana statutes were given effect, would they so deprive the appellants of a part of the value of their stock as to offend against the designated provisions of the Fourteenth Amendment to the Constitution of the United States?

An examination of this record leads us to fully agree with the trial court in its conclusion that the appellants failed utterly to sustain their allegations that the property of the Parrot Company was fraudulently dissipated and depreciated through the management of the defendants

prior to the sale or that the sale made was in any respect fraudulent. Upon this conclusion the judgment of the District Court might well be affirmed, for the reason that where fraud is charged in a bill or set up in an answer, and is denied, the party making the charge will be confined to that issue, and also for the reason that where the claimed constitutional question on which a direct appeal to this court is based is pleaded as resulting from the carrying into effect of a fraudulent scheme, when such charge of fraud fails the asserted constitutional question ought not to be considered. *French* v. *Shoemaker,* 14 Wall. 314; *Eyre* v. *Potter,* 15 How. 42; *Chicago, Burlington & Quincy Ry. Co.* v. *Babcock,* 204 U. S. 585, 593.

But we prefer not to have the case go off on this seemingly technical but really sound and substantial rule.

There remains the contention that the statutes of Montana which we have epitomized, if enforced, will deprive the appellants of their property without due process of law because they provide that sale may be made of all the assets of the corporation when authorized by not less than two-thirds of the outstanding capital stock of the corporation and that the plaintiffs must accept either the payment for their shares which this large majority of their associates think sufficient or, if they prefer, the value in money of their stock to be determined by three appraisers or, still at the election of appellants by a court and jury.

This record does not call upon us to examine into this challenge of the validity of these statutory provisions, similar as they are to those of many other States and of a seemingly equitable character, for the reason that the appellants by their action in instituting a proceeding for the valuation of their stock, pursuant to these statutes, which is still pending, waived their right to assail the validity of them. *Great Falls Mfg. Co.* v. *Attorney General,* 124 U. S. 581; *Electric Co.* v. *Dow,* 166 U. S. 489; *Pierce* v. *Somerset Railway,* 171 U. S. 641; *Leonard* v. *Vicksburg,*

*Shreveport & Pacific R. R. Co.*, 198 U. S. 416, 422. They cannot claim the benefit of statutes and afterwards successfully assert their invalidity. There is no sanctity in such a claim of constitutional right as prevents its being waived as any other claim of right may be.

The decision of the District Court is

*Affirmed.*