Roberta Joye PHILLIPS, Appellant,

v.

James Michael PHILLIPS, Appellee.

No. 12377.

Court of Civil Appeals of Texas, Austin.

Jan. 14, 1976.

Rehearing Denied Feb. 4, 1976.

Melvin N. Gray, San Angelo, for appellant.

Aubrey Davee, Brady, for appellee.

SHANNON, Justice.

Appellant, Roberta Joye Phillips, filed suit for divorce against appellee, James Michael Phillips, in the district court of McCulloch County. In that suit appellant sought custody of the children and an order that appellee make child support payments.

After trial to the court, judgment was entered on May 21, 1975, granting the divorce. In the judgment the district court appointed appellant managing conservator of a daughter and appointed appellee managing conservator of four sons. The judgment provided further that appellee pay twenty-five dollars each month until the daughter reached the age of eighteen years.

■ Appellant's brief does not comply with the Texas Rules of Civil Procedure in that it contains no points of error. Texas R.Civ.P. 418(b) provides that the brief of an appellant contain a statement of the points upon which the appeal is predicated, separately numbered in short form without argument. The points of error are sufficient if they direct the attention of the court to the error relied upon.

We, nevertheless, have examined appellant's brief in an effort to discover the substance of appellant's contentions. From the brief we learn that the testimony at the divorce hearing was not reported, and that trial counsel for appellant did not object to the absence of the court reporter.

Appellant says that ground for reversal exists in that Tex.Rev.Civ.Stat.Ann. art. 2324 and Tex. Family Code Ann. § 14.07 require that a contested divorce proceeding involving the custody of children be reported. Appellant also claims "that failure to provide" a transcript of the testimony is fundamental error and " . . . a violation of the Constitution (sic) requirement of due process guaranteed by the United States Constitution . . ."

Article 2324 provides, in general, that each official court reporter shall attend all sessions of the court, take full shorthand notes of all testimony, and prepare a statement of facts upon request.

Section 14.07(c) of the Family Code provides that the court may interview the child in chambers to ascertain the child's wishes as to his conservator. At the time of the entry of the judgment, Section 14.07(c) provided that in the instance of an interview with the child in chambers, the court " . . . shall cause a record of the interview to be made and to be made part of the record in the case."[1]

■ As previously indicated, appellant's counsel made no objection concerning the absence of the court reporter during the divorce hearing. As a result, appellant is not in a position to complain of her inability to obtain a transcript of the testimony in question and answer form. *Robinson v. Robinson,* 487 S.W.2d 712 (Tex.1972). See *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.1975, writ ref'd). To complain on appeal of the absence of the court reporter, an appellant must show that he objected in the trial court, as he must to complain of any other procedural error in the trial. *Whatley v. Whatley,* 493 S.W.2d 299 (Tex.Civ.App.1973, no writ), *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex.Civ.App.1974, writ ref'd n. r. e.).

■ Appellant has not shown that she could not obtain a statement of facts by other means. Even though an appellant has not waived the unavailability of the statement of facts, he is not entitled to

reversal on that ground unless he shows that he was deprived of a statement of facts through no fault or negligence of his own and that he attempted without success to obtain a condensed statement in narrative form under Tex.R.Civ.P. 377 or an agreed statement under Tex.R.Civ.P. 378. *Whatley v. Whatley, supra.*

■ The absence, in this case, of the statement of facts is not fundamental error. *Wilkinson v. Evans, supra, Ducoff v. Ducoff,* 523 S.W.2d 264 (Tex.Civ.App.1975, no writ).

■ As appellant does not support her contention of a constitutional violation by argument or authority, that contention will be considered waived. *Rayburn v. Giles,* 182 S.W.2d 9 (Tex.Civ.App.1944, writ ref'd), *Hoover v. Barker,* 507 S.W.2d 299 (Tex.Civ. App.1974, writ ref'd n. r. e.). Moreover, it is settled law that a litigant by his act, or omission, may waive a constitutional right. See *Young v. City of Colorado,* 174 S.W. 986 (Tex.Civ.App.1915, writ ref'd), *Michel v. State of Louisiana,* 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955), *Yakus v. United States,* 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1943), 16 Amer.Jur.2d *Constitutional Law* § 131.

The judgment is affirmed.

Affirmed.

---

1. Effective September 1, 1975, the last sentence of Section 14.07(c) was changed to provide, as follows: "On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made and to be made part of the record in the case."