**In the Interest of T.J.K., a Child.**

No. 06–00–00163–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 24, 2001.

Decided Nov. 15, 2001.

Vernard G. Solomon, Marshall, for appellant.

Connie J. Kunaknana, Sulphur Springs, pro se.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Sam Kersey appeals from the trial court's denial of his motion to modify in a suit affecting the parent-child relationship, raising two points of error. He first contends the trial court erred in finding that he waived any objection to the constitutionality of a statute permitting grandparent access. Second, he contends the trial court erred in finding that his reliance on the United States Supreme Court holding in *Troxel v. Granville* did not establish

sufficient grounds to modify the previous order.

Sam, the father of T.J.K., a female child born in 1991, Connie Kunaknana, the maternal grandmother of the child, and Lila Kersey, the mother of the child, all agreed to the December 13, 1999, court order granting grandparent access. On July 28, 2000, Sam filed a motion to modify, seeking termination of grandparent access. He filed his motion after the United States Supreme Court ruling in *Troxel v. Granville*, 530 U.S. 57, 73, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), holding that a Washington statute granting third-party visitation was overly broad in allowing "any person" to petition for visitation at "any time." The Court emphasized its ruling on the "sweeping breadth" of the Washington statute and its application to the specific facts at hand.

In his motion to modify, Sam contended the circumstances of the child or of one or both of the joint managing conservators had so materially and substantially changed since the rendition of the agreed order that it had become unworkable or inappropriate. Sam also alleged the grandmother disobeyed the terms and conditions for possession of and access to the child by permitting the natural mother to be in the child's presence. He contended that such actions placed the child in serious and immediate danger. Finally, Sam contended there is no basis in law for possession of, or access to, the child by the grandmother because of the holding in *Troxel.*

■ Sam contends the trial court erred in finding he waived any objection to the constitutionality of TEX. FAM.CODE ANN. § 153.433 (Vernon Supp.2001).[1] At the time Sam entered into the agreed order granting the grandmother access to the child, he did so without raising any question as to the constitutionality of Section 153.433. The trial court denied the motion to modify this agreement, finding that Sam waived any objection to the constitutionality of the grandparent access statute by agreeing to the order.

■ It is generally recognized that one may waive the right to question the constitutionality of statutes. *Wall v. Parrot Silver & Copper Co.*, 244 U.S. 407, 37 S.Ct. 609, 61 L.Ed. 1229 (1917); *Mallinckrodt Chem. Works v. Missouri ex rel. Jones*, 238 U.S. 41, 35 S.Ct. 671, 59 L.Ed. 1192 (1915). A litigant's act or failure to act may waive a constitutional right, even a challenge to the constitutionality of a statute. *Young v. City of Colorado*, 174 S.W. 986 (Tex.Civ.App.—Fort Worth 1915, writ ref'd); *see Phillips v. Phillips*, 532 S.W.2d 161, 163 (Tex.Civ.App.—Austin 1976, no writ). The general rule is that the constitutional question must be raised at the earliest opportunity or it is waived. *Mercer v. Phillips Natural Gas Co.*, 746 S.W.2d 933, 936 (Tex.App.—Austin 1988, writ denied). Participation without objection in judicial civil proceedings otherwise unconstitutional may operate as a waiver of the right to assert a constitutional challenge. *Gulf Ref. Co. v. Bonin*, 242 S.W. 776 (Tex.Civ.App.—Beaumont 1922, no writ).

■ However, the general rule of waiver does not apply in this case. This is not a case that fixed liability; this is a case over which the trial court retains continuing jurisdiction. The cases in which waiver has applied to prohibit the raising of a constitutional issue are all cases on appeal

1. TEX. FAM.CODE ANN. § 153.433 (Vernon Supp. 2001) provides for possession of and access to grandchildren.

where the party did not raise the issue at the trial court level. *Phillips,* 532 S.W.2d 161; *Young,* 174 S.W. 986. A party cannot seek to obtain benefits of an act and attack its constitutionality. *Wall,* 244 U.S. at 411, 37 S.Ct. 609; *see United States v. City & County of San Francisco,* 310 U.S. 16, 29, 60 S.Ct. 749, 84 L.Ed. 1050 (1940). In this case, Sam is not attempting to obtain the benefits of the statute; rather, he is trying to avoid the statute. This is a situation in which the trial court maintains continuing jurisdiction and has the right to alter the order regarding visitation under the Family Code. *See* TEX. FAM.CODE ANN. § 156.301 (Vernon Supp.2001). Under Section 156.301, the trial court may:

[M]odify an order that sets the terms and conditions for possession of or access to a child or that prescribes the relative rights and duties of conservators if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the rendition of the order;

(2) the order has become unworkable or inappropriate under existing circumstances.

Sam filed a motion to modify, claiming there is no basis in law for possession of, or access to, the minor child by the grandmother pursuant to the United States Supreme Court's ruling in *Troxel.* If *Troxel*

truly does make Section 153.433 unconstitutional, then maintaining an order granting grandparent access would be inappropriate because it would violate Sam's Fourteenth Amendment rights under the United States Constitution. The order granting grandparent visitation is subject to modification by the trial court. TEX. FAM. CODE ANN. § 156.301. Sam has no less a right to seek modification of the order because a statute is found unconstitutional than because of a change of fact. If a statute that authorized a term or condition of visitation is declared unconstitutional, that change should operate like any other change in circumstances that potentially makes the order unworkable or inappropriate. There is nothing in the statute that limits the change in circumstances to factual changes rather than changes in law.

■ The trial court relied on the fact that Sam agreed to the order granting the grandmother access to the child and is thereby barred from claiming that the statute permitting such access is unconstitutional. However, we find Sam's agreement irrelevant in determining whether he can seek modification of the order. The Family Code encourages parties to seek amicable resolutions, especially with regard to children. The purpose of Section 153.007 of the Family Code is to promote agreement among the parties regarding conservatorship.[2] Agreements made pur-

---

2. § 153.007. Agreement Concerning Conservatorship

(a) To promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for conservatorship and possession of the child and for modification of the agreement, including variations from the standard possession order.

(b) If the court finds that the agreement is in the child's best interest, the court shall render an order in accordance with the agreement.

(c) Terms of the agreement contained in the order or incorporated by reference regarding conservatorship or support of or access to a child in an order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract.

(d) If the court finds the agreement is not in the child's best interest, the court may request the parties to submit a revised agreement or the court may render an order for the conservatorship and possession of the child.

suant to Section 153.007 are not enforceable as contracts. TEX. FAM.CODE ANN. § 153.007(c) (Vernon 1996). Though parties may enter into a separate binding contract, that is not what happened in this case. Here, we have an agreed order granting grandparent access. Agreed orders may be modified by the courts on a showing of changed circumstances. *Hoffman v. Hoffman*, 805 S.W.2d 848 (Tex. App.—Corpus Christi 1991, writ denied) (holding trial court had power to modify support order and mother was not estopped to request increase in child support where she seeks only to modify decree, not agreement); *Leonard v. Lane*, 821 S.W.2d 275, 277 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (holding court has right to act in best interest of child, notwithstanding any agreements of parties). In this case, we only have an agreed court order granting the grandmother access. There is no contractual agreement. Sam seeks to modify the court order and is entitled to do so. He has not waived his objection to the constitutionality of TEX. FAM.CODE ANN. § 153.433.

Since the trial court did not include in the order from which Sam appeals a ruling based on the *Troxel* decision, we will not consider the second point of error.[3]

We reverse the judgment and remand the case to the trial court for further proceedings.

---

TEX. FAM.CODE ANN. § 153.007 (Vernon 1996).

3. Sam agreed at oral argument that we should not reach his second point of error.